IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| EXMARK MANUFACTURING CO., INC.,<br><br>         Plaintiff,<br><br>  v.<br><br>BRIGGS & STRATTON POWER PRODUCTS GROUP, LLC and SCHILLER GROUNDS CARE, INC.,<br><br>         Defendants. | CIVIL ACTION<br>NO. 10-CV-00187<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT BRIGGS & STRATTON POWER PRODUCTS GROUP, LLC'S
ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS
TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

  Defendant Briggs & Stratton Power Products Group, LLC ("Briggs & Stratton") responds to the First Amended Complaint of Plaintiff Exmark Manufacturing Co., Inc. ("Exmark") as follows:

**THE PARTIES AND JURISDICTION**

  1. Briggs & Stratton lacks sufficient knowledge to respond to the allegations of Paragraph 1, and on that basis denies those allegations.

  2. Briggs & Stratton admits that it is a Delaware limited liability company with a principal place of business at 3300 North 124th Street, Wauwatosa, WI 53222, and denies the remaining allegations of Paragraph 2.

  3. Briggs & Stratton lacks sufficient knowledge to respond to the allegations of Paragraph 3, and on that basis denies those allegations.

4836-8547-4567.1

4.      Briggs & Stratton admits that Exmark purports to state claims for patent infringement.  To the extent not expressly admitted, Briggs & Stratton denies the allegations of Paragraph 4.

5.      Briggs & Stratton admits that the Court has subject matter jurisdiction over this action, and denies the remaining allegations of Paragraph 5.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 5,987,863 AGAINST BRIGGS & STRATTON

6.      Briggs & Stratton repeats and incorporates by reference the preceding Paragraphs 1-5 as if expressly set forth herein.

7.      Briggs & Stratton admits that U.S. Patent No. 5,987,863 (the "'863 patent") shows on its face that it issued on November 23, 1999.  Briggs & Stratton further admits that the '863 patent shows on its face that its assignee is Exmark.  Briggs & Stratton denies all other allegations in paragraph 7.

8.      Briggs & Stratton lacks sufficient knowledge to respond to the allegations of Paragraph 8, and on that basis denies those allegations.

9.      Briggs & Stratton admits that it makes and sells mowers under the Ferris and Snapper brand names, including the Snapper Pro S200X, Ferris Comfort Control DD, and mowers having Briggs & Stratton's iCD Cutting System.  Briggs & Stratton denies all other allegations of Paragraph 9.

10.     Briggs & Stratton denies the allegations of Paragraph 10.

11.     Briggs & Stratton denies the allegations of Paragraph 11.

## COUNT II

## INFRINGEMENT OF U.S. PATENT NO. 5,987,863 AGAINST SCHILLER

12. Briggs & Stratton repeats and incorporates by reference the preceding Paragraphs 1-11 as if expressly set forth herein.

13. Briggs & Stratton lacks sufficient knowledge to respond to the allegations of Paragraph 13, and on that basis denies those allegations.

14. Briggs & Stratton lacks sufficient knowledge to respond to the allegations of Paragraph 14, and on that basis denies those allegations.

15. Briggs & Stratton lacks sufficient knowledge to respond to the allegations of Paragraph 15, and on that basis denies those allegations.

16. Briggs & Stratton lacks sufficient knowledge to respond to the allegations of Paragraph 16, and on that basis denies those allegations.

## AFFIRMATIVE DEFENSES

17. The Amended Complaint fails to state a claim upon which relief can be granted.

18. Briggs & Stratton has not infringed, contributed to the infringement of, or induced infringement of any valid and/or enforceable claim of the '863 patent.

19. Each claim of the '863 Patent is invalid under the provisions of 35 U.S.C. §§ 100 *et seq.*, including but not limited to Sections 101, 102, 103, and 112.

20. Exmark's claim for damages, if any, against Briggs & Stratton is statutorily limited by 35 U.S.C. § 286 and/or § 287.

21. Exmark is barred from relief under the applicable statute of limitations.

22. Exmark is barred from relief under the doctrine of waiver.

23. Exmark is barred from relief under the doctrine of laches.

24.     Exmark is barred from relief under the doctrine of estoppel.

25.     Exmark is barred from relief under the doctrine of implied waiver.

26.     Exmark is barred from relief under the doctrine of unclean hands.

27.     Exmark is barred from relief under the judicially created doctrine of double patenting.

28.     Exmark is not entitled to lost profits nor to any recovery with respect to any sales to the United States government or to any sales to any states of the United States.

29.     Exmark is not entitled to any relief requested in its Prayer for Relief.

## COUNTERCLAIMS

Counter-plaintiff Briggs & Stratton asserts the following counterclaims against Exmark:

## THE PARTIES, JURISDICTION, AND VENUE

1.      Briggs & Stratton is a Delaware corporation with its principal place of business in Jefferson, Wisconsin.

2.      Exmark is, upon information and belief, a Delaware corporation having its principal place of business in Beatrice, Nebraska.

3.      This Court has subject matter jurisdiction over this counterclaim pursuant to 28 U.S.C. §§ 1338(a), 2201, and 2202.

4.      Exmark has submitted to the personal jurisdiction of this Court.

5.      Venue is proper in this district.

## COUNT I

## DECLARATORY RELIEF REGARDING INFRINGEMENT

6.      Briggs & Stratton incorporates by reference the allegations in Paragraphs 1-5 of its Counterclaims.

7. Exmark purports to be the sole holder of the entire right, title, and interest in the '863 Patent.

8. Exmark has sued Briggs & Stratton in the present action, alleging infringement of one or more claims of the '863 patent. Briggs & Stratton has neither infringed nor contributed to or induced infringement of any claim of the '863 patent, either literally or under the doctrine of equivalents. Thus, an immediate, real, and justiciable controversy exists between Exmark and Briggs & Stratton with respect to whether or not Briggs & Stratton has directly and/or indirectly infringed any valid and/or enforceable claims of the '863 Patent.

9. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, Briggs & Stratton requests a declaration from the Court that Briggs & Stratton has not infringed any valid and/or enforceable claims of either of the '863 Patent, either directly, indirectly, literally, or under the doctrine of equivalents.

## COUNT II

## DECLARATORY RELIEF REGARDING INVALIDITY

10. Briggs & Stratton incorporates by reference the allegations in Paragraphs 1-9 of its Counterclaims.

11. Exmark has sued Briggs & Stratton in the present action, alleging infringement of one or more claims of the '863 Patent. One or more claims of the '863 Patent are invalid under 35 U.S.C. §§ 101, 102, 103, 112, and/or any other applicable statute or doctrine. Thus, an immediate, real, and justiciable controversy exists between Exmark and Briggs & Stratton with respect to the validity of the claims of the '863 Patent.

12. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, Briggs & Stratton requests a declaration from the Court that one or more claims of the '863

Patent are invalid under 35 U.S.C. §§ 101, 102, 103, 112, and/or any other applicable statute or doctrine.

## EXCEPTIONAL CASE

13. This is an exceptional case under 35 U.S.C. § 285 and as such, Briggs & Stratton is entitled to recover from Exmark its attorneys' fees and costs in connection with this action.

## DEMAND FOR JURY TRIAL

14. Briggs & Stratton hereby demands a jury trial for all issues so triable in this action.

## PRAYER FOR RELIEF

WHEREFORE, Briggs & Stratton prays for relief as follows:

    A.    That Exmark's Complaint be dismissed with prejudice, and a take-nothing judgment be entered in favor of Briggs & Stratton;

    B.    Judgment be entered in favor of Briggs & Stratton declaring that Briggs & Stratton has not directly or indirectly infringed any claim of the '863 Patent either literally or under the doctrine of equivalents;

    C.    Judgment be entered in favor of Briggs & Stratton declaring that each claim of the '863 Patent is invalid;

    D.    Judgment be entered in favor of Briggs & Stratton and against Exmark that this is an exceptional case and awarding Briggs & Stratton its attorneys' fees and costs under 35 U.S.C. § 285;

    E.    An order that Exmark and each of its officers, employees, agents, alter-egos, attorneys and any persons in active concert or

    participation with them, be enjoined from charging infringement of or instituting any action for infringement of the '863 Patent against Briggs & Stratton or any of its customers; and

I.  For such other and further relief as the Court deems just and equitable.

Dated: September 16, 2010

**BRIGGS & STRATTON POWER PRODUCTS GROUP, LLC**

By its attorneys,

  s/ John P. Passarelli
John Passarelli #16018
KUTAK ROCK, LLP
The Omaha Building
1650 Farnam Street
Omaha, NE  68102-2186
Tel: (402) 346-6000
Fax: (402) 346-1148
Email:  john.passarelli@kutakrock.com
*Counsel for Defendant Briggs & Stratton Power Products Group, LLC*

*Of Counsel*
Matthew M. Wolf
Marc A. Cohn
HOWREY LLP
1299 Pennsylvania Ave., NW
Washington, DC 20004
Tel: (202) 783-0800
Fax: (202) 383-6610
*Counsel for Defendant Briggs & Stratton Power Products Group, LLC*

**CERTIFICATE OF SERVICE**

      I hereby certify that this Notice of Appearance filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to any non-registered participants on September 16, 2010.

                                                        s/ John P. Passarelli
                                          John P. Passarelli
                                          KUTAK ROCK, LLP
                                          The Omaha Building
                                          1650 Farnam Street
                                          Omaha, NE  68102-2186
                                          Tel: (402) 346-6000
                                          Fax: (402) 346-1148
                                          Email: john.passarelli@kutakrock.com

4836-8547-4567.1