## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **EXMARK MANUFACTURING CO. INC.,** | |
| Plaintiff, | **8:10CV187** |
| vs. | **ORDER** |
| **BRIGGS & STRATTON POWER PRODUCTS GROUP, LLC and SCHILLER GROUNDS CARE, INC.,** | |
| Defendants. | |

This matter is before the court on the plaintiff's, Exmark Manufacturing Co., Inc. (Exmark), Motion to Strike New Expert Opinions of Mark Wegner as Untimely Under the Amended Scheduling Order (Filing No. 237). Exmark filed a brief (Filing No. 238) and index of evidence (Filing Nos. 239 and 240) in support of the motion. The defendant, Schiller Grounds Care, Inc. (Schiller), filed brief (Filing No. 251) in response.[1] Exmark filed a brief (Filing No. 252) in reply.

## BACKGROUND

This action pertains to the alleged infringement of United States Patent No. 5,987,863 (the '863 patent), which covers a lawn mower having flow control baffles. **See** Filing No. 14 - Amended Complaint p. 1-4. Exmark alleges the defendants are knowingly and actively engaging in the manufacture and sale of similar mowers that are covered by the '863 patent. *Id.* Schiller admits Exmark is the owner of the '863 patent, but denies any infringement and generally argues Exmark knowingly misrepresented or withheld material information with the intent to deceive the United States Patent and Trademark Office (PTO). **See** Filing No. 57 - Amended Answer p. 2-3, 10-11.

On September 1, 2011, the court held a *Markman* hearing. **See** Filing No. 141 - Text Minute Entry. As relevant to this motion, and as summarized by the parties, Schiller argued for alternative interpretations of the term "adjacent." **See** Filing No. 238 - Brief p. 3; Filing No. 251 - Response p. 3. Schiller argued for two items to be "adjacent," the items must be touching each other. **See** Filing No. 238 - Brief p. 3 (**citing** Filing Nos. 111, 114,

---

[1] The defendant, Briggs & Stratton Power Products Group, LLC, did not participate in this motion.

and 127); Filing No. 251 - Response p. 3. Schiller alternatively argued two items are "adjacent" if the items were near each other with nothing in between the items. **See** Filing No. 238 - Brief p. 3; Filing No. 251 - Response p. 3; Filing No. 239-3 Ex. 2 - **Markman** Hrg. Tr. p. 42. Following the hearing, on November 29, 2011, the court entered a Memorandum and Order resolving several claim construction issues in the disputed patent. **See** Filing No. 156 - Memorandum and Order. Regarding the term "adjacent," the court determined:

> The court finds no support for defendants' proposed construction and finds no construction of this term is necessary. The meaning is relatively clear in the context of the patent as a whole. The word "adjacent" refers to parts that are near one another, but it does not require touching. There is a presumption that words in a claim mean the same thing. **See PODS, Inc. v. Porta Stor, Inc.**, 484 F.3d 1359, 1366 (Fed. Cir. 2007). The word "adjacent" is used throughout the specification to mean "near." There is nothing in the prosecution history that justifies a change from the ordinary meaning of adjacent, and the court will not do so.

*Id.* at 8-9.

Thereafter, on May 8, 2012, on the parties' motion, the court stayed this case while the PTO considered and decided two patent reexaminations the defendants initiated to challenge the validity of the '863 patent. **See** Filing No. 197 - Order. On August 27, 2014, the parties filed a joint status report indicating the PTO "issued a Notice of Intent to Issue Ex Parte Reexamination Certificate confirming the patentability of the asserted claims of the patent in suit." **See** Filing No. 214. The court lifted the stay on August 28, 2014, and held a telephone conference on September 3, 2014, to discuss progression of the case. **See** Filing No. 215 - Text Order. The parties disagreed on the scope of supplemental expert reports. **See** Filing No. 238 - Brief p. 4-5; Filing No. 251 - Response p. 5. According to Exmark's counsel, during the conference, "Schiller admitted to the Court the reason Schiller did not want the Court to adopt [Exmark's limitation on supplementing expert reports] was because the new material and non-infringement argument Schiller wanted to add regarding 'adjacent' would not fall within that language." **See** Filing No. 239-7 Ex. 5 - Winkels' Nov. 6, 2014, Letter.[2] In the second amended progression order, the court adopted Exmark's proposed limitation on supplementation as follows: "All

---

[2] Schiller did not contest Exmark's counsel's representation in Schiller's response to the instant motion.

supplementation shall be reasonably related to events occurring, and/or discovery provided, subsequent to issuance of the original expert reports, and the parties shall have the right to object to supplementation that is not so limited as untimely." **See** Filing No. 217 - Second Amended Order Setting Final Schedule for Progression of Case.[3]

Schiller served Mark J. Wegner's (Mr. Wegner) supplemental expert report on November 3, 2014. **See** Filing No. 239-2 Ex. 1 - Wegner's Supp. Expert Report. Mr. Wegner included within the supplemental report an opinion on what constitutes "adjacent" as used in the '863 patent. *Id.* ¶¶ 32-36, 53-54. Specifically, Mr. Wegner opined,

> [A] person of ordinary skill in the art, after reviewing how the term "adjacent" is used within the '863 patent, would understand that two components are not "adjacent" if they are not immediately next to each other. That is, two components are not "adjacent" if there is a separate component between the two referenced components.

*Id.* Mr. Wegner stated his "notion of 'adjacency,' which is supported by the specification of '863 patent, was confirmed by Exmark during the reexamination." *Id.*

On December 3, 2014, Exmark filed the instant motion seeking to strike paragraphs 32 through 36, 53, and 54 of Mr. Wegner's supplemental expert report that pertain to Mr. Wegner's new opinion of the term "adjacent." **See** Filing No. 237 - Motion.[4] Exmark contends Mr. Wegner's report presents a new opinion of the patent term "adjacent" that was never mentioned in his original report and contradicts the court's construction of "adjacent." *Id.* Exmark argues the referenced portions of Mr. Wegner's report are untimely because the paragraphs exceed the scope of permissible supplementation under the court's progression order. **See** Filing No. 238 - Brief. Exmark asserts Mr. Wegner's alleged support for his opinion is insufficient to render his opinion within the scope of the supplementation limitation. *Id.* Lastly, Exmark requests the court award fees and expenses associated with filing this motion. *Id.*

Schiller argues Mr. Wegner's supplemental opinion does not contradict the court's claim construction findings and is within the scope of the court's scheduling order. **See** Filing No. 251 - Response. Schiller contends Mr. Wegner's supplemental opinion merely

---

[3] The parties refer to the Amended Order Setting Final Schedule for Progression of Case (Filing No. 216). The court amended Filing No. 216 to properly reflect the deadlines and did not otherwise change the scope of supplementation. **Compare** Filing No. 216 ¶ 3 **with** Filing No. 217 ¶ 3.

[4] The court notes the parties attempted to reach an agreement on this issue before Exmark filed its motion.

3

contains his understanding of the term "adjacent," as a person with ordinary skill in the art, which will aid the jury in determining a question of fact. *Id.* Schiller further argues Mr. Wegner's opinion in the supplemental report is reasonably related to events that occurred during the patent reexaminations, specifically statements made by Exmark's counsel. *Id.* Schiller argues Mr. Wegner used Exmark's assertion the word "between" should be construed based on its "typical usage" to offer his opinion about "adjacent." *Id.*

In reply, Exmark reiterates Mr. Wegner's supplemental opinion of "adjacent" improperly attempts to re-construe the claim construction already decided by the court. **See** Filing No. 252 - Reply. Exmark argues there is no support for Schiller's argument that Mr. Wegner can testify about his infringement comparison based on a claim construction that is different from the court's claim construction. *Id.* Exmark also reiterates there is no rational relationship between Exmark's statements about the term "between" during the reexaminations and Mr. Wegner's new opinion of the term "adjacent." *Id.*

## ANALYSIS

Federal Rule of Civil Procedure 16 provides "the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C). Federal Rule of Civil Procedure 37, in turn provides that if a party "fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders" including, "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence." Fed. R. Civ. P. 37(b)(2)(A)(ii). "Rule 37(b)(2)(A) vests courts with broad discretion to issue sanctions for failure to comply with discovery orders." ***Arctic Cat Inc. v. Bombardier Recreational Prods., Inc.***, No. 12-2692, 2014 WL 4055362, at *4 (D. Minn. Aug. 14, 2014) (citation omitted).

The court agrees with Exmark, the cited portions of Mr. Wegner's supplemental report do not comply with the court's restrictions on supplementation. Mr. Wegner's opinion of the term "adjacent" is not "reasonably related to events occurring, and/or discovery provided, subsequent to issuance of the original expert reports[.]" Schiller has not identified a reasonable relation between Exmark's counsel's discussion of the term "between" during the reexamination and Mr. Wegner's new opinion of the term "adjacent."

4

Excepting Schiller's conclusory statement Mr. Wegner's opinion of "adjacent" is related to Exmark's counsel discussion of the term "between," Schiller offers no additional support or explanation for Mr. Wegner's opinion. Accordingly, because Mr. Wegner's opinion in paragraphs 32 through 36, 53, and 54 are not within the scope of the supplementation limitation, his opinions are untimely and will be stricken. In light of the court's decision to strike the paragraphs as untimely, the court will not address the parties' contention Mr. Wegner's opinion contradicts the court's claim construction and the law of the case. Furthermore, the reexamination of the court's **Markman** Order is not properly before this court.

Exmark's request for fees and expenses is denied. The striking of paragraphs 32 through 36, 53, and 54 is a sufficient sanction. **See** Fed. R. Civ. P. 37 ("[T]he court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, *unless* the failure was substantially justified or other circumstances make an award of expenses unjust.") (emphasis added). Upon consideration,

**IT IS ORDERED**:

The plaintiff's Motion to Strike New Expert Opinions of Mark Wegner as Untimely Under the Amended Scheduling Order (Filing No. 237) is granted as set forth in this Order.

**ADMONITION**

Pursuant to NECivR 72.2 any objection to this Order shall be filed with the Clerk of the Court within fourteen (14) days after being served with a copy of this Order. Failure to timely object may constitute a waiver of any objection. The brief in support of any objection shall be filed at the time of filing such objection. Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

Dated this 6th day of January, 2015.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge