IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| EXMARK MANUFACTURING COMPANY INC., <br><br> Plaintiff, <br><br> v. <br><br> BRIGGS & STRATTON POWER PRODUCTS GROUP, LLC, <br><br> Defendant. | 8:10CV187 <br><br> ORDER |

This matter is before the court on its own motion. Several motions in limine involve the issue of relevance of several categories of evidence (testimony regarding equitable defenses, claims of privilege, rejected defenses of invalidity and noninfringement, and prior art) to the issue of willfulness. In order to clarify the record, the court finds a ruling as a matter of law on the objective prong of the willfulness inquiry is necessary. *See In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007) (en banc)).

In its order on summary judgment motions, the court found defendant Briggs infringed the patent at issue with respect to mowers with the original designs (versions 1-4), but that there were genuine issues of material fact on the issue of the willfulness. Filing No. 476, Memorandum and Order at 27-30. Further, the court rejected Briggs's defenses of invalidity based on indefiniteness, laches, waiver, implied waiver and unclean hands. *Id.* at 2, 29-30.

The determination of willful infringement involves two distinct analyses. *In re Seagate Tech., LLC*, 497 F.3d at 1371. With respect to the first "objective prong" of the analysis, the court must determine as a matter of law whether "the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent."

*Bard Peripheral Vascular, Inc. v. W.L. Gore & Assocs.*, 776 F.3d 837, 844 (Fed. Cir. 2015) (quoting *In re Seagate Tech., LLC,* 497 F.3d 1360, 1371 (Fed. Cir. 2007) (en banc)); *Carnegie Mellon Univ. v. Marvell Tech. Group*, No. 14-1492, 2015 U.S. App. LEXIS 13622, at *36 (Fed. Cir. Aug. 4, 2015). "The state of mind of the accused infringer is not relevant to this objective inquiry." *Id.* With respect to the second "subjective prong" of the analysis, the jury must make a factual determination of whether the objectively-defined risk "was either known or so obvious that it should have been known to the accused infringer." *Id.*

"[G]enerally the 'objective' prong of *Seagate* tends not to be met where an accused infringer relies on a reasonable defense to a charge of infringement." *Bard Peripheral Vascular, Inc. v. W.L. Gore & Assocs.*, 682 F.3d 1003, 1005 (Fed. Cir. 2012)(citations omitted). The issue for the court is "whether a defense or noninfringement theory was 'reasonable.'" *Id.* at 1006. The court should determine, "based on the record ultimately made in the infringement proceedings," whether a "reasonable litigant could realistically expect" those defenses to succeed. *Id.* "The ultimate legal question of whether a reasonable person would have considered there to be a high likelihood of infringement of a valid patent should always be decided as a matter of law by the judge." *Id.* at 1007.

The court finds there is clear and convincing evidence in the record on the infringement proceedings with respect to Briggs's modified designs (version 1-4) that shows there was an objectively high likelihood that Briggs's manufacture and sale of mowers having the original baffle design would infringe Exmark's patent. *See generally* Filing Nos. 391-393, Indices of Evidence. Specifically, the president of Briggs' predecessor in interest, Ferris Industries, was deposed in the Scag case in 2002. Filing No. 392-20, Ex. 32, Wenzel Dep. Tr. (Scag) at 32-33, 62. The Scag case settled shortly before trial in 2003. Filing No. 391-11, Ex. 26, Scag Settlement Agreement. There is strong evidence that Briggs was

aware of the '863 patent at least as a result of the 2002 deposition.  Filing No. 317-24, Briggs Interrogatory Responses at 6-7; Filing No. 317-14, Wenzel Dep. Tr. at 125.  This and other evidence unequivocally establishes that Briggs proceeded in the face of an objective likelihood of infringement of the '863 patent.  *See also* Filing No. 394, Exmark brief at 23-28 and evidence cited therein.  Accordingly, the court finds as a matter of law that Briggs acted despite an objectively high likelihood that its actions constituted infringement of a valid patent.

The evidence presented in connection with the summary judgment motions also establishes that Briggs's defenses, and any reliance thereon, were not reasonable.  The court finds as a matter of law that no reasonable litigant could realistically expect those defenses to succeed.  Notably, Briggs has asserted attorney-client privilege with respect to the details of its lawyers' involvement and advice in connection with the issue of infringement of the redesigned mowers and it does not rely on advice of counsel in defense of the willfulness allegations in connection with the original designs.  It cannot credibly argue that it relied on reasonable defenses to infringement.  The issue of Briggs's subjective state-of-mind—whether the objectively-defined risk "was either known or so obvious that it should have been known to the accused infringer" remains for determination by the jury.

IT IS SO ORDERED.


Dated this 4th day of September, 2015

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge