IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

EXMARK MANUFACTURING COMPANY
INC.,

              Plaintiff,

     vs.

BRIGGS & STRATTON POWER
PRODUCTS GROUP, LLC,

              Defendant.

**8:10CV187**


**MEMORANDUM AND ORDER**


This matter is before the court on Exmark's Motion in Limine No. 1 to Preclude Defendant from Presenting Improper Arguments, Evidence, and Testimony Related to Claim Construction, Filing No. 484; Exmark's Motion in Limine No. 2 to Preclude Defendant From Presenting Arguments, Evidence, and Testimony Regarding Equitable Defenses, Filing No. 482; Exmark's Motion in Limine No. 3 to Preclude Defendant From Presenting Arguments, Evidence, and Testimony Regarding Issues Over Which it has Claimed Privilege, Filing No. 485; Exmark's Motion in Limine No. 5 to Exclude Testimony and Argument Regarding Briggs's Rejected Non-Infringement Argument, Filing No. 498; Exmark's Motion Limine No. 6 to Preclude Defendant From Presenting Improper Evidence and Arguments Related to Third Party Mowers, Filing No. 500; Exmark's Motion in Limine No. 7 to Preclude Defendant From Presenting Evidence and Arguments Related to U.S. Patent No. 6,848,246 to Samejima, Filing No. 502; Exmark's Motion in Limine No. 8 to Overrule Briggs's Objection to One Designation of the Deposition Testimony of James Marshall, Filing No. 545; Briggs and Stratton Power Products Group, LLC's (hereinafter Brigg's) Motions in Limine Nos. 1 to 14, Filing No. 491; and Briggs's motion in limine to use depositions at trial, Filing No. 544.

By virtue of earlier orders in this case and the Order on Pretrial Conference, the issues are limited to whether Versions 5-7 of Briggs's accused mowers (i.e. Briggs's mowers with the modified baffle design introduced after suit was filed) infringe the '863 patent and whether Briggs's infringement with respect to Versions 1-4 of the Briggs's accused mowers (i.e. Briggs mowers with its original baffle designs) was willful. *See* Filing No. 505, Pretrial order at 4-5.

Although the motion in limine is an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings, performing a gatekeeping function and sharpening the focus for later trial proceedings, some evidentiary submissions, cannot be evaluated accurately or sufficiently by the trial judge in such a procedural environment. *Jonasson v. Lutheran Child and Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997). A motion in limine is appropriate for "evidentiary submissions that clearly ought not be presented to the jury because they clearly would be inadmissable for any purpose." *Id.* In other instances, it is necessary to defer ruling until during trial, when the trial judge can better estimate the impact of the evidence on the jury. *Id.* To the extent that a party challenges the probative value of the evidence, an attack upon the probative sufficiency of evidence relates not to admissibility but to the weight of the evidence and is a matter for the trier of fact to resolve. *United States v. Beasley*, 102 F.3d 1440, 1451 (8th Cir. 1996).

I.     **Exmark's Motions**

A.     **Exmark's Motion in Limine No. 1 to Preclude Defendant from Presenting Improper Arguments, Evidence, and Testimony Related to Claim Construction (Filing No. 484)**

This motion relates to the court's claim construction with respect to the limitation that the flow baffles are "adjacent," in the context of Briggs's expert, Mr. Del Ponte's rebuttal

2

report.  Briggs argues that Mr. Del Ponte's opinions regarding the "adjacent" limitations and any arguments based thereon are fully consistent with the court's claim construction order, but states that it does not intend to present these opinions and arguments at trial in light of the Court's prior rulings and the need for economy during trial.  Accordingly, this motion in limine will be denied as moot.  To the extent that evidence other than Mr. del Ponte's rebuttal report is at issue, Briggs may assert an objection at trial.

**B.     Exmark's Motion in Limine No. 2 to Preclude Defendant From Presenting Arguments, Evidence, and Testimony Regarding Equitable Defenses (Filing No. 482)**

Exmark seeks to preclude evidence that relates to the equitable defenses, arguing that they are matter for the court, and not a jury to decide.

In its earlier order, the court found that "the statutory provision [limiting damages to the period dating back six years from the filing of the action] works a significant constraint on the plaintiff's remedy and mitigates against the need to resort to the equitable remedies of laches or waiver."  Filing No. 476, Memorandum and Order at 29.  The court also stated that it found "the defenses of laches and waiver are inapplicable."  *Id.* at 2.  Accordingly, the laches defense is out of the case.

Exmark and Briggs agree that Briggs should not be allowed to pursue its equitable defenses at trial, but Briggs nevertheless argues that it should be allowed to introduce evidence of Exmark's delay in pursuing its claims against Briggs for the limited purposes of rebutting (i) Exmark's willful infringement claim and (ii) Exmark's valuation of its patent for the purpose of assessing damages.  *See* Filing No. 512, Briggs's Brief at 2.

The court finds that Briggs has not shown that evidence of any delay in filing suit is relevant to damages.  Damages will be established with reference to a hypothetical negotiation.  The date of the hypothetical negotiation is the time of the first infringement.

The argument that the delay in bringing suit somehow establishes Exmark's perception of the value of its invention is specious.  There are many reasons to forego filing a lawsuit, to imply that Exmark did so because it did not think the invention had value is speculative.

Further, for the reasons stated in this court's sua sponte order on the objective prong of the willfulness inquiry, Filing No. 564, the court finds that evidence of delay in filing suit and/or laches is not relevant to willfulness.  Accordingly, Exmark's motion in limine will be granted.

### C.     Exmark's Motion in Limine No. 3 to Preclude Defendant from Presenting Arguments, Evidence, and Testimony Regarding Issues over which it has Claimed Privilege (Filing No. 485)

Exmark contends that Briggs has maintained its claim of privilege over the details of its lawyer's involvement and advice during the redesign process, but has indicated that it will elicit testimony that its lawyers were involved in the redesign process.  It contends that at depositions, Briggs asserted attorney-client privilege over questioning directed at legal reasons for the redesign.  Exmark argues that "[h]aving used the claim of privilege as a shield, Briggs should not now be allowed to use it as a sword." Filing No. 489, Exmark Brief at 1.

Briggs states that it does not intend to present evidence at trial on issues for which it has asserted privilege, but that Exmark's request is overbroad and would seeks to preclude Briggs from arguing that one reason for its 2010 redesign was to attempt to avoid liability for infringement of the '863 patent and that its lawyers were involved in the process.  Filing No. 513, Brief at 1.

In response Exmark states, however, that it "does not object to Briggs arguing that one reason for redesigning the baffles used in its accused products after being sued was an attempt to avoid further liability for infringement of the '863 patent."  *See* Filing No. 525,

4

Brief at 1.  It concedes that Briggs's employees may generally describe how the baffles were redesigned after this lawsuit was filed, noting, for example, Briggs's employees could describe: 1) Which Briggs employees were involved in the redesign; 2) How long it took to complete the redesign; 3) How the baffle design changed (e.g. a perfectly straight portion was removed); and 4) That the purpose for the redesign was an attempt to avoid further infringement of the '863 patent.  *Id.* at

Accordingly, Exmark's motion will be granted to the extent it seeks preclusion of arguments, evidence, and testimony regarding issues over which Briggs has claimed privilege, but overruled to the extent it to preclude Briggs from arguing that one reason for its 2010 redesign was to attempt to avoid liability for infringement of the '863 patent and that its lawyers were involved in the process.

### D.      Exmark's Motion in Limine No. 4 - to exclude testimony and argument regarding patent invalidity and to exclude irrelevant prior art (Filing No. 496)

This motion is directed at Briggs's ostensible argument that it should be entitled to "introduce evidence underlying" its invalidity case, and its effort to introduce several dozen pieces of prior art at trial.  Exmark argues that Briggs should not be allowed to relitigate its invalidity defense.

Briggs argues that evidence underlying Briggs's invalidity and non-infringement defenses goes to the heart of whether its infringement (with respect to the earlier models) was "so obvious" that Briggs should have known about it, as Exmark alleges, for purposes of willful infringement.  Briggs also contends the prior art also reflects "old modes" for doing the same thing as the patented invention, which is one of the Georgia-Pacific factors for the jury to consider (factor nine) in determining damages.

For the reason stated in its *sua sponte* order, Filing No. 564, the court finds the evidence is not relevant to willfulness.  Further, the court finds prior art is relevant to damages only to the extent that the patent was used in a product.  Briggs is entitled to introduce side discharge mowers that were actually used prior to Exmark's invention as potentially relevant to Georgia-Pacific factor nine:  "The utility and advantages of the patent property over the old modes or devices, if any, that had been used for working out similar results." *Georgia-Pacific Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970) (emphasis added).

Accordingly, the court finds that the motion in limine will be granted to the extent the evidence relates to the invalidity defense, but denied with respect to evidence related to damages, without prejudice to its reassertion via timely objection at trial.

### E.  Exmark's Motion in Limine No. 5 to Exclude Testimony and Argument Regarding Briggs's Rejected Non-Infringement Argument (Filing No. 498)

For the same reasons stated *supra i*n connections with Exmark's Motions in Limine Nos. 2, 3, and 4, the court finds the motion should be granted.

### F.  Exmark's Motion Limine No. 6 to Preclude Defendant From Presenting Improper Evidence and Arguments Related to Third Party Mowers (Filing No. 500)

In this motion, Exmark argues that the "will use" portion of Defendant Briggs's exhibit list includes more than 35 exhibits that were never previously produced in this case.  The exhibits were downloaded from third-party websites on July 31, 2015, and show current third party mower products.  Exmark contends that these exhibits are not relevant to any issue remaining in this case.  It argues the existence of non-infringing alternatives can be relevant to damages under a reasonable royalty theory only if the products were actually

6

available at the time of the "hypothetical negotiation," which in this case is when the '863 patent issued in 1999.

Briggs contends the evidence is relevant to the subjective prong of the willfulness inquiry.   It contends that "[w]itnesses from both sides will establish that third parties have been selling mowers like those currently being sold (as demonstrated by the exhibits Briggs identified in its exhibit list) throughout the period that Briggs was selling its accused baffles." It states "[t]he images of current products will be used as proxies for old products when witnesses testify that they are the same."  It argues "[t]he existence of baffles in third party products that had actually been in the market for years supports Briggs's explanation of why it perceived no patent infringement risk from the same baffles in its own products."  Briggs also argues the evidence is relevant to the issue of damages, i.e., showing the availability of non-infringing alternatives.

In response, Exmark argues that Briggs cannot claim that the existence of third-party products caused it to subjectively believe it did not infringe the '863 patent when it denies that it even knew of the '863 patent until this lawsuit was filed.   Further, it argues that Briggs's relevance argument presumes that a patentee is obligated to bring suit immediately whenever there is an infringement, and therefore, if suit is not brought, the public can infer there is no infringement.  This court rejected that argument in the earlier order, finding that the penalty for not promptly enforcing one's patent rights is an inability to obtain damages for infringement occurring more than six years prior to the infringement.  *See* 35 U.S.C. § 286.

Exmark states that if the court allows admission of any of the exhibits, Briggs's argument justifies showing the jury only the annotated figure itself just as it is reproduced on page 2 of Briggs's brief. Filing No. 516, Brief at 2.

The relevance of the evidence is questionable in light of the court's *sua sponte* order, Filing No. 564.  However the court need not address the issue because Briggs does not address its failure to produce the items to the plaintiff.  Because the evidence was not timely produced, the court finds the plaintiff's motion should be granted.

**G.      Exmark's Motion in Limine No. 7 to Preclude Defendant From Presenting Evidence and Arguments Related to U.S. Patent No. 6,848,246 to Samejima (Filing No. 502)**

The Samejima patent is a later-issued patent.  In this motion, Exmark warns of the danger of Briggs using the Samejima patent to create the improper inference that "the existence of a later-issued patent so similar to the design of Briggs's redesigned accused products shows that Briggs's redesigned accused products cannot infringe the '863 patent or reduces the value of the '863 patent for damages purposes."  *See EZ Dock, Inc. v. Schafer Sys.*, No. 98-2364, 2003 WL 1610781, *11  (D. Minn. Mar. 8, 2003)(excluding evidence of a patent on an accused product).   Exmark also cites cases that show what it characterizes as the "well-known fact that juries do not understand that a product shown in a later patent (like Samejima) can still be covered by an earlier patent (like Exmark's '863 patent)."  It argues that allowing the jury to see the Samejima patent would be extremely and unfairly prejudicial to Exmark.

Briggs argues that the Samejima patent is relevant to the issue of damages as showing an available non-infringing alternative.  Exmark argues, however, that the Samejima patent shows a design that is very similar to the structure in Briggs's accused products with redesigned baffles and thus, the infringement status of the Samejima design is essentially the same triable issue as the infringement of Briggs's redesign.  In short, Briggs maintains Samejima is non-infringing.   Exmark maintains it, like Briggs's, is infringing.

8

The court is unable to fully evaluate the relevance of the challenged evidence in the context of a pretrial motion. Exmark's concerns may warrant a cautionary or limiting instruction, but the court cannot determine the ambit of such an instruction at this time. The court will admit the evidence at issue only on a showing that it is relevant to the issues in the case, and only to the extent that the relevance of the evidence outweighs its potential to cause prejudice or confusion under Fed. R. Evid. 403. The court finds the motion can be adequately resolved at trial, either as an objection with a sidebar, or with a review of the evidence outside the presence of the jury. Accordingly, the court finds that the motion in limine should be denied at this time, without prejudice to its reassertion via timely objection at trial.

### H.      Motion in Limine No. 8 - to overrule Briggs's objection to one designation of the deposition testimony of James Marshall (Filing No. 545)

This motion involves parts of the videotaped deposition testimony of Briggs's employee, Mr. James Marshall that Exmark intends to present in its case in chief. Briggs has objected to the designation of pages 198-199 of Mr. Marshall's testimony as "Irrelevant." *See* Filing No. 549-2, Ex. 1, Marshall designation at 2.

Generally, it is the court's practice to rule on objections to deposition testimony a few days in advance of when the deponent's testimony is scheduled to be offered at trial. Accordingly, the court will defer ruling at this time.

### II.      Briggs and Stratton's Motions in Limine Nos. 1 to 14, Filing No. 491.[1]

### A.      Motion No. 1 - To Exclude Hearsay Evidence of Alleged Price Erosion or Lost Sales Due to Briggs

---

[1] Exmark does not oppose Briggs's Motion in Limine Nos. 3, 4, 7, and 9-13. Accordingly those motions will be denied as moot.

This motion relates to expert Melissa Bennis's testimony.  Briggs argues that the court should exclude the hearsay-within-hearsay relied upon by Ms. Bennis for her opinions on purported price erosion and lost sales.

Exmark contends Briggs's motion is based on a misstatement and/or misunderstanding of Fed. R. Evid. 703 for the proposition that Ms. Bennis may not rely on conversations between Exmark employees and its customers, and on incomplete statements of the facts surrounding Briggs' attempt to sell infringing mowers to some of Exmark's largest customers.  Also, it contends the testimony is not hearsay because it is not offered for the truth of the matter asserted, but rather will be offered to explain Exmark's actions, such as why Exmark lowered its prices to its largest customer.  Further, Exmark argues that there is no prejudice to Briggs in admission of these conversations because Briggs's own documents confirm that Briggs was making a targeted effort to take away Exmark's large customers by offering them infringing mowers at lower prices.

It appears this evidence presents the type of facts or data that experts can rely on under Fed. R. Evid. 703 (i.e., experts in the field would reasonably rely on this kind of information).  Accordingly, the defendant's motion in limine will be denied.

### B.     Motion In Limine No. 2 - To Exclude Evidence of Any Affirmative Duty by Briggs to Seek an Opinion of Counsel

Exmark replies that "as long as Briggs does not open the door to the topic by making inferences to the jury that its lawyers somehow participated in the redesign of its accused products, Exmark will not argue that Briggs should have obtained an opinion of counsel." Briggs states that it does not intend to open the door in this manner.

Briggs did not claim privilege over general questions regarding why Briggs redesigned its baffles after the lawsuit was filed.  Specifically, Briggs contends Exmark was

permitted to question Briggs's witnesses regarding whether there was a legal reason to redesign its mowers and whether that legal reason was to avoid potential ongoing liability.

Exmark agrees that Briggs may present such testimony—i.e., that "one reason for redesigning the baffles used in its accused products after being sued was an attempt to avoid further liability for infringement of the '863 patent."

It appears this motion is mooted by the agreement of the parties.  *See supra* at 4-5.

### C.   Motion In Limine No. 5 - To Exclude References to and Evidence Regarding the Preferred or Commercial Embodiments of the '863 Patent

Briggs seeks a ruling precluding evidence regarding the '863 patent's specification (including any preferred embodiments) and commercial embodiments, including any comparisons between the accused products and the preferred or commercial embodiments of the '863 patent.   Briggs argues that introduction of such evidence, including any comparisons between Briggs' accused decks and the figures of the '863 patent or Exmark's decks, will mislead the jury into believing that the '863 patent's preferred and commercial embodiments represent the legal claims of the '863 patent—i.e., the jury will believe that infringement is determined by comparing Briggs' accused products with the patent figures or with Exmark's products.   It contends that Exmark's attempt to mislead the jury into comparing Briggs's accused products with Exmark's patent figures and products, rather than the asserted claims, was made clear at the summary judgment hearing.

Exmark agrees with Briggs that a proper infringement analysis compares the accused products to the claims of the patent at issue as construed by the court.  It agrees that neither Exmark nor Briggs should be allowed to compare the accused products to either the preferred embodiments (i.e., the patent drawings) or the commercial embodiments (i.e., Exmark's actual mowers) of the '863 patent for purposes of determining

11

whether Briggs's accused, "redesigned" products infringe.   It argues that the preferred embodiments and the specification generally are relevant to help explain the invention and provide context to the claims and are relevant to willfulness and damages, and may also be admissible to rebut Briggs's evidence.

The court finds the evidence is relevant and that any potential jury confusion can be remedied with a proper jury instruction or limiting instruction.   Further, any improprieties in connection with the presentation of this evidence can be addressed in a timely objection at trial.   Accordingly, the defendant's motion will be denied, without prejudice to reassertion.

### D.    Motion In Limine No. 6 - To Exclude References to and Evidence Regarding Phil Wenzel's Mulching Kit Email

This motion involves Phillip Wenzel's testimony in the *Toro v. Scag* action.   He testified in a deposition in that case, and later sent an email that suggests awareness of patents at issue in *Scag*.  Briggs asks the court to exclude Exmark's characterization of that evidence as showing that Mr. Wenzel had knowledge of the '863 patent in this case.  Briggs also argues that Wenzel's email was about mulching kits, which serve a different purpose than flow baffles and it is thus irrelevant.

The court finds that Briggs's contentions go more to the weight of the evidence than its admissibility.   Any infirmities can be addressed in cross-examination. Accordingly, the court finds the defendant's motion should be denied.

### E.    Motion In Limine No. 8 - To Exclude the Cumulative Opinions of Mr. Strykowski and Mr. Busboom

Briggs argues that the Court should preclude Exmark from presenting the same opinions from more than one expert at trial.  Only one issue set forth in the expert reports of Mr. Strykowski and Mr. Busboom remains in the case—whether Briggs's curved redesign

infringes the '863 patent. Briggs contends both experts provided the same opinion in this regard in their expert reports. It also argues that this issue can be decided before trial.

Exmark points out that the experts have differing backgrounds. The plaintiff should be allowed to present two opinions, the defendant can object if the testimony is overly repetitive and cumulative. Any danger that the jurors may think that the party with more witnesses prevails is remedied in the jury instructions. According the motion will be denied.

**F.      Motion In Limine No. 14: To Exclude Any Reference to and Evidence Regarding Other Litigation Involving Briggs**

Briggs contends that it does not seek to exclude prior sworn testimony (to the extent relevant) from other litigations, and, contrary to Exmark's argument, Briggs asserts it does not seek to exclude the prior deposition of Mr. Wenzel in the *Scag* case from 2002. Rather, Briggs seeks to exclude Exmark from presenting argument or evidence regarding other litigation involving Briggs and/or any entity affiliated with Briggs. It argues such references and evidence are not probative of any relevant fact in this case and will mislead the jury, confuse the issues, and unduly prejudice Briggs.

The court is unable to fully evaluate the relevance of the challenged evidence in the context of a pretrial motion. The court will admit the evidence at issue only on a showing that it is relevant to the issues in the case, and only to the extent that the relevance of the evidence outweighs its potential to cause prejudice or confusion under Fed. R. Evid. 403. Accordingly the motion will be denied without prejudice to reassertion at trial.

**G.      Motion in Limine to Use Depositions at Trial (Filing No. 544)**

This relates to Briggs's designations of deposition testimony of Exmark employees Rod Benson, Garry Busboom, Dan Dorn, and Mark Stinson. Exmark has lodged objections to some of the testimony. *See* Filing No. 550-2, Filing No. 561-1, designations and counter

13

designations, 561-2, modified designations and counter-designations.   The evidence relates, in part, to the issue of Exmark's delay in filing suit that was addressed in the court's sua sponte order and in the court's ruling on other motions in limine.

As noted, it is the court's general practice to rule on objections to deposition designations a few days in advance of the scheduled testimony.  Accordingly, the court will defer ruling on the defendant's motion at this time.

IT IS ORDERED:

1.      Exmark's Motion in Limine No. 1 to Preclude Defendant from Presenting Improper Arguments, Evidence, and Testimony Related to Claim Construction (Filing No. 484) is denied as moot.

2.      Exmark's Motion in Limine No. 2 to Preclude Defendant from Presenting Arguments, Evidence, and Testimony Regarding Equitable Defenses (Filing No. 482 is granted.

3.      Exmark's Motion in Limine No. 3 to Preclude Defendant from Presenting Arguments, Evidence, and Testimony Regarding Issues Over Which it has Claimed Privilege (Filing No. 485) is granted as set forth above.

4.      Exmark's Motion in Limine No. 4 to Exclude Testimony and Argument Regarding Patent Invalidity and to Exclude Irrelevant Prior Art (Filing No. 496) is granted in part and denied in part without prejudice to reassertion at trial

5.      Exmark's Motion in Limine No. 5 to Exclude Testimony and Argument Regarding Briggs's Rejected Non-Infringement Argument (Filing No. 498) is granted.

6.      Exmark's Motion in Limine No. 6 to Preclude Defendant from Presenting Improper Evidence and Arguments Related to Third Party Mowers (Filing No. 500) is granted.

7.      Exmark's Motion in Limine No. 7 to Preclude Defendant from Presenting Evidence and Arguments Related to U.S. Patent No. 6,848,246 to Samejima (Filing No. 502) is denied, without prejudice to reassertion.

8.      Exmark's Motion in Limine No. 8 is deferred.

9.      Briggs and Stratton Power Products Group, LLC's (hereinafter Brigg's) Motions in Limine Nos. 1 to 14 (Filing No. 491) are denied.

10.     Briggs's Motion in Limine Nos. 3, 4, 7, and 9-13 are denied as moot.

11.     Briggs's Motion in Limine to Use Depositions at Trial is deferred.

Dated this 4th day of September, 2015

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge