IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| EXMARK MANUFACTURING COMPANY INC., <br><br> Plaintiff, <br><br> v. <br><br> BRIGGS & STRATTON POWER PRODUCTS GROUP, LLC, <br><br> Defendant. | **8:10CV187** <br><br> **ORDER** |

This matter is before the court on a motion for reconsideration filed by defendant Briggs & Stratton Power Products, LLC, (hereinafter, "Briggs"), Filing No. 537. This is a patent infringement action that is set for trial on September 8, 2015. Briggs seeks reconsideration of this court's denial, of its motion for summary judgment seeking a declaration that the asserted claims of U.S. Patent No. 5,987,863 ("the '863 patent") are invalid due to indefiniteness, in light of the Federal Circuit's opinion in *Dow Chem. Co. v. Nova Chems. Corp.*, Nos. 2014-1431, 2014-1462, 2015 WL 5060947 (Fed. Cir. Aug. 28, 2015). See Filing No. 476, Memorandum and Order. In *Dow*, the Federal Circuit clarified that the Supreme Court's decision in *Nautilus, Inc. v. Biosig Instruments, Inc.*, —- U.S. ——, 134 S. Ct. 2120 (2014), "changed the law of indefiniteness." *Dow*, 2015 WL 5060947 at *6. The Federal Circuit explained that the new standard is "[c]ontrary to [its] earlier approach," and that the new standard requires that "[t]he claims, when read in light of the specification and the prosecution history, must provide objective boundaries for those of skill in the art." *Id.* Briggs contends that such objective boundaries are not established with respect to whether a baffle has an "elongated and substantially straight portion" or whether the baffle ends at a location "adjacent" (which

has been construed to mean "near") the side wall.  Further, it challenges the Court's findings that "there are objective criteria to measure the effect of a flow control baffle," and the finding that "[o]ne skilled in the art would understand the limitations to call for a baffle that efficiently controls the flow of the air and clippings," *Id.* at 27.

Briggs argues that The *Dow Chemical o*pinion effectively repudiates Exmark's argument at the hearing/oral argument on the parties' motions for summary judgment that *Nautilus* had not changed the law of indefiniteness.  Contrary to Briggs's assertion, the court did not adopt that argument.  The court cited the standard announced in *Nautilus* and stated "[w]hatever the distinction between the 'reasonable certainty' standard announced in *Nautilus II*, and the former standard that required that language be 'not insolubly ambiguous,' the court finds the terms at issue herein are not indefinite." Filing No. 476, Memorandum and Order at 25.

The court's findings on indefiniteness referred to four claim terms[1] and were based on the specifications, prosecution history and testimony of persons skilled in the art in the context of all of the claims of the patent.  The gravamen of the *Dow* case is that "the patent and prosecution history must disclose a single known approach or establish that, *where multiple known approaches exist*, a person having ordinary skill in the art would know which approach to select." *Dow*, 2015 WL 5060947, *6 (emphasis added); see *Teva*, 789 F.3d at 1341, 1344–45 (holding a claim indefinite where molecular weight could be measured three different ways and would yield different

---

[1] Those were: "elongated and substantially straight baffle portion," "substantially continuously" "adjacent the interior surface" and "a first flow control baffle positioned in said mower deck which extends downwardly from the interior surface of said top wall between said cutting blades and said front wall." *See id.* at 25-26.

results and the patent and prosecution history did not provide guidance as to which measure to use). Different approaches to measurement that yield different results are not at issue in this case. The court has considered the *Dow* opinion and finds it does not affect the court's findings with respect to indefiniteness. Accordingly,

IT IS ORDERED that the defendant's motion for reconsideration (Filing No. 534) is denied.

Dated this 4th day of September, 2015.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge