IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| EXMARK MANUFACTURING COMPANY INC., | |
| Plaintiff, | 8:10CV187 |
| vs. | MEMORANDUM AND ORDER |
| BRIGGS & STRATTON CORPORATION, | |
| Defendant. | |

This case in before the court on Briggs' Motion to Transfer, (Filing No. 715).

BACKGROUND

The extensive procedural history of this case spans more than eight years and nearly 800 entries on the court's electronic docket. It is briefly summarized as follows:

Plaintiff Exmark Manufacturing Company Inc. ("Exmark") and Briggs & Stratton Corporation ("Briggs") are in the commercial lawn mower industry. And in 2010, Exmark filed suit against its competitor Briggs,[1] alleging Briggs infringed on claim 1 of U.S. Patent No. 5,987,863 ("the '863 patent"). (Filing No. 1). The '863 patent is directed at improved lawn mower "baffles," which control the flow of air and of grass clippings during a lawn mower's operation.

---

[1] For clarity, this order does not discuss dismissed defendants and refers to the sole remaining defendant, Briggs & Stratton Corporation, as substituted in Filing No. 714.

The United States Patent and Trademark Office ("PTO") twice reexamined the patentability of claim 1 during the pendency of this lawsuit, necessitating a two-year stay of the proceedings before this court. (Filing No. 197).

After lifting the stay, extensive discovery and dispositive motion practice ensued, culminating in United States District Judge Joseph F. Bataillon's ruling on the eleven (11) interrelated motions for summary judgment. (Filing No. 476). The surviving issues were tried to a jury in late 2015, ending in a $24 million verdict for Plaintiff Exmark. This court later doubled the damages award, determining that Briggs' infringement was willful and that Exmark was entitled to enhanced damages. (Filing No. 689). Judge Bataillon then presided over a bench trial regarding Briggs' motion for judgment of laches, and found that Briggs was not entitled to equitable relief. The court also denied Briggs' post-trial motion for a new trial. Briggs appealed. (Filing No. 694).

In January 2018, the Court of Appeals for the Federal Circuit vacated the jury's damage award and this court's award of enhanced damages. (Filing No. 706). On remand, the circuit instructed this court to evaluate the willfulness and damages issues and to conduct a new trial on those issues, if necessary.[2] (Id).

Three months after remand, Briggs filed the instant motion to transfer this case to the United States District Court for the Eastern District of Wisconsin. (Filing No. 715). For the following reasons, the motion will be denied.

---

[2] This case was also remanded with instructions to revisit the basis for the summary judgment ruling on the validity of claim 1 of the '863 patent. The circuit instructs this court to come to independent conclusions on invalidity rather than to rely on the PTO's invalidity determination. (Filing No. 706 at CM/ECF p. 33).

ANALYSIS

Briggs' motion to transfer is based on a change in law. During the pendency of Briggs' appeal to the Federal Circuit, the United States Supreme Court issued its decision in TC Heartland LLC v. Kraft Foods Group Brands LLC, 137 S. Ct. 1514 (2017), which clarified proper patent infringement venue under 28 U.S.C. § 1400(b). Under that precedent, Briggs argues, venue is improper in this district and this case must be transferred to the United States District Court for the Eastern District of Wisconsin. (Filing No. 716). Exmark, in turn, argues that venue remains proper in this district. (Filing No. 735). It further argues that even venue is improper under TC Heartland, Briggs has waived its venue objection at this stage in the litigation. (Id).

For the following reasons, the court agrees that Briggs has waived its right to challenge venue. Therefore, the court will not reach the parties' arguments as to whether venue is proper in the District of Nebraska under 28 U.S.C. § 1400(b).

I.  Rule 12 Waiver

At the time TC Heartland was issued, the Supreme Court did not indicate how it would affect pending cases – like the instant case. And as a result, district courts were at a months-long loggerheads over whether TC Heartland effected a change of law such that the ordinary Fed. R. Civ. P. 12(h) waiver rules were inapplicable. Put differently, district courts were unclear whether the parties to then-pending patent cases could raise challenges under TC Heartland where such a challenge would otherwise have been improper under Rule 12.

In November 2017, the Federal Circuit clarified TC Heartland's scope as it applied to then-pending cases. The circuit held that TC Heartland constituted a change in controlling law and that Rule 12 waiver is inapplicable in cases where venue was affected by the ruling. In re Micron Tech., Inc., 875 F.3d 1091 (Fed. Cir.

2017). Thus, venue challenges based on TC Heartland are not procedurally improper under Rule 12 if the matter was pending at the time TC Heartland was decided. Id. And as such, Briggs' venue challenge was not waived under Rule 12.

The Federal Circuit made clear, however, that Rule 12 waiver "is not the sole basis on which a district court might, in various circumstances, rule that a defendant can no longer present a venue defense that might have succeeded on the merits." Id. at 1094. The Federal Rules of Civil Procedure are "not all encompassing." Id. (citing Dietz v. Bouldin, Inc., 136 S.Ct. 1885, 1891 (2016)). And "a district court possesses inherent powers that are governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Id. (quoting Dietz, 136 S.Ct. at 1892). The Micron Tech court pointed to Fed. R. Civ. P. 1 and its general mandate to "secure the just, speedy, and inexpensive determination of every action and proceeding." Id.

In exercise of these "inherent powers," a district court may properly consider: 1) the defendant's conduct and timeliness; 2) prejudice and expended resources; and 3) closeness of the trial date, among "other factors ... which may implicate efficiency or other interests of the judicial system and of the other participants in the case." Micron Tech, 875 F.3d at 1102; see also Cutsforth, Inc. v. LEMM Liquidating Co., LLC, 2018 WL 847763, at *3 (D. Minn. 2018). In weighing the above factors in this case, the court finds that they cut against transfer.

II.     Defendant's Conduct and Timeliness.

Defendants who employ a "tactical wait-and-see bypassing of an opportunity to declare a desire for a different forum" often forfeit their right to challenge venue. Micron Tech, 875 F.3d 1091 at 1102. This is especially true "where the course of proceedings might well have been altered" had the defendant timely requested

4

transfer. Id. "[D]efendants who have substantially engaged in a case [may not] reassert an abandoned defense once it becomes convenient or advantageous for them." Intellectual Ventures II LLC v. FedEx Corp., 2017 WL 5630023, at *3 (E.D. Tex. 2017)

TC Heartland was issued on May 22, 2017. And Briggs' motion to transfer was filed nearly 11 months later, on April 16, 2018. (Filing No. 715). Briggs argues this delay was not "tactical" and it did not "substantially engage in the case" during the time between the issuance of the TC Heartland decision and filing this motion to transfer (Filing No. 745 at CM/ECF p. 9). And it is true that there was no docket activity in this forum during that timeframe. The case was on appeal to the Federal Circuit when the TC Heartland decision was entered and until January 12, 2018.

But, the court finds it inarguable that Briggs wanted to wait for the outcome of the Federal Circuit appeal prior to raising its venue objections. As Exmark correctly argues, Briggs could have requested an indicative ruling from the district court under Fed. R. Civ. P. 62.1 during the pendency of the appeal. (Filing No. 735 at CM/ECF p. 8). Briggs concedes that Rule 62.1 could have acted as a vehicle for evaluating the venue issue earlier, but argues that such a motion would have wasted judicial resources. (Filing No. 745 at CM/ECF p. 10).

It's unclear what judicial resources would have been wasted by the court's earlier consideration of this issue. The court has now reviewed the same arguments and briefing that would have ostensibly been raised during the pendency of the appeal – the only discernable difference being the passage of time. Briggs' belated argument strips the court of its own purview to determine what does, and does not, waste judicial resources. Moreover, Rule 62.1 allows the court to defer a ruling. Fed. R. Civ. P. 62.1(a)(1). Had Briggs filed for transfer earlier, and requested an indicative ruling under Rule 62.1, the court could have evaluated the propriety of that motion, and deferred ruling if justice so required.

5

Briggs' argument that the above procedural steps would have "wasted time" is somewhat perplexing. (Filing No. 745 at CM/ECF p. 10). This case sat dormant on this court's docket, while on appeal, for over a year and a half. The court in that time could have evaluated the venue issue without the nearly six-month delay that has accrued since remand.

The court has not identified any TC Heartland progeny with the same procedural posture as the instant case. District courts have been asked to evaluate the delay and timeliness of TC Heartland motions in varied circumstances; however, the parties have not cited and the court did not find any case which analyzed forfeiture under TC Heartland in the context of a pending appeal and Rule 62.1. The court notes, though, that in other contexts, much shorter delays have given rise to forfeiture. See, e.g., Intellectual Ventures, 2017 WL 5630023, at *9 (two-month delay between TC Heartland and transfer motion); Kaist IP US LLC v. Samsung Elecs. Co., 2017 WL 7058227, at *2 (E.D. Tex. 2017) (noting "four- and five-month delay" between TC Heartland and transfer motion).

Given the dearth of guidance in this context, the court is hesitant to hold that every defendant waives its venue challenge if not raised during a pending appeal. There may well be circumstances that a delay during appeal is reasonable.

The court should also evaluate where the case stands procedurally when weighing transfer. Precision Fabrics Grp., Inc. v. Tietex Int'l, Ltd., 2017 WL 5176355, at *9 (M.D.N.C. 2017). This case has been through dispositive motion practice, jury trial, bench trial, post-trial motions, appeal and remand. It has been pending for more than eight years. In fact, this case predates every filing in TC Heartland, including the original pleadings that gave rise to the Supreme Court's ultimate change of law. The court has found no case as old or as significantly advanced as this, in which venue was transferred pursuant to TC Heartland. And other districts

have declined transfer at much earlier litigation stages. See, e.g., Bettcher Indus., Inc. v. Hantover, Inc., 2018 WL 1942179, at *4 (N.D. Ohio 2018); Chamberlain Grp., Inc. v. Techtronic Indus. Co., 2017 WL 3205772, at *2 (N.D. Ill. 2017).

A court should not allow transfer if it would "frustrate judicial economy." Maxchief Investments Ltd. v. Plastic Dev. Grp., LLC, 2017 WL 3479504, at *5 (E.D. Tenn. 2017). This case would offer unique frustrations. The case has been extensively litigated, with only remanded issues left to address. And it has been pending in front of the same district judge since its inception in 2010. He ruled on the expansive dispositive motion practice, presided over two trials, and handled post-trial motions. While every motion to transfer requires the newly assigned judicial officers to familiarize themselves with the past happenings on the docket, the age and breadth of this litigation would pose a novel—and in this court's view, unreasonable—toll on judicial economy when compared with maintaining the case here.

In addition, the court notes that transfer raises certain procedural questions with unclear answers. Typically, if venue is successfully challenged on appeal, the case is remanded and retried. Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach, 118 S. Ct. 956, 965 (1998). Here, in a case where both trial and appeal have come and gone, there is no clear guidance as what the effect of transfer might be. Would all claims be heard anew, or would just the remanded issue be heard in the new forum? At the very least, there would be additional motion practice seeking clarity on this issue, which would further delay a case that has been pending for the better part of a decade.

Finally, the court notes that the law of venue exists for the convenience of defendants, not plaintiffs. Columbia Sportswear N. Am., Inc. v. Seirus Innovative Accessories, Inc., 265 F. Supp. 3d 1196, 1208 (D. Or. 2017). Here, the court does not decline transfer for Exmark's convenience, nor does it dismiss the possible

inconvenience to Briggs: The court determines that those considerations are overridden by the age and extensive previous litigation of this case.

In sum, this court's mandate under Rule 1, to "secure the just, speedy, and inexpensive determination of every action and proceeding," counsels against transfer in the case. The nearly 11 months that passed between TC Heartland and this motion, coupled with the stage of proceeding and the uncertain procedural questions, necessitates continued litigation of this matter in the current district, in the interest of judicial economy.

Accordingly, IT IS ORDERED:

1) Exmark's Motion for Leave to File a Sur-Reply ([Filing No. 752](Filing No. 752)) is granted. The court incorporates the sur-reply attached to Exmark's motion without the need for re-filing.

2) Briggs' Motion to Transfer ([Filing No. 715](Filing No. 715)) is denied.

Dated this 27th day of June, 2018.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge