IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| EXMARK MANUFACTURING COMPANY INC., | |
|---|---|
| Plaintiff, | 8:10CV187 |
| vs. | ORDER |
| BRIGGS & STRATTON CORPORATION, | |
| Defendant. | |

This matter is before the court on defendant Briggs & Stratton Corporation's ("Briggs") objections, Filing No. 755, to the Memorandum and Order of the Magistrate Judge, Filing No. 754, on Briggs's Motion to Transfer, Filing No. 715. The Magistrate Judge denied the motion.

I.  BACKGROUND

The salient facts are set forth in the Magistrate Judge's order and need not be repeated here. Briefly, after remand from the Eighth Circuit Court of Appeals, Briggs moved to transfer venue to the Eastern District of Wisconsin under *TC Heartland LLC v. Kraft Foods Group Brands LLC*, 137 S. Ct. 1514 (2017), which clarified proper patent infringement venue under 28 U.S.C. § 1400(b). The Magistrate Judge denied the motion, finding that although Briggs's venue challenge was not considered waived under *In re Micron Tech., Inc.*, 875 F.3d 1091 (Fed. Cir. 2017) (finding venue challenges based on *TC Heartland* are not procedurally improper under Rule 12 if the matter was pending at the time *TC Heartland* was decided), the transfer should

be denied based on Briggs's conduct and delay as well as the procedural posture of the case.

Briggs challenges the Magistrate Judge's (1) finding that "Briggs wanted to wait for the outcome of the Federal Circuit appeal prior to raising its venue objections" as opposed to "request[ing] an indicative ruling from the district court under Fed. R. Civ. P. 62.1[;]" (2) finding that cases with "much shorter delays have given rise to forfeiture[;]" (3) reliance on cases that "declined transfer at much earlier litigation stages" without looking at procedural posture; (4) finding that "certain procedural questions" arising from what issues would be heard if the case were transferred is a factor that "necessitates continued litigation of this matter in the current district, in the interest of judicial economy[;]" and (5) failure to consider the prejudice to Briggs of litigating in an improper forum." Filing No. 754, Memorandum and Order at 5-8; *see* Filing No. 755, Objections at 3-4.

II. LAW

A magistrate judge's authority over nondispositive pretrial matters is governed by 28 U.S.C. § 636(b)(1)(A). *Gomez v. United States*, 490 U.S. 858, 873-74 (1989); *see also* Fed. R. Civ. P. 72(a). On review of a decision of the magistrate judge on a nondispositive matter, the district court may set aside any part of the magistrate judge's order that it finds is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *see Ferguson v. United States*, 484 F.3d 1068, 1076 (8th Cir. 2007).

A decision is "'clearly erroneous' when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that

a mistake has been committed." *Chakales v. Comm'r of Internal Revenue*, 79 F.3d 726, 728 (8th Cir. 1996); *see Ferguson v. United States*, 484 F.3d 1068, 1076 (8th Cir. 2007). A decision is "contrary to the law" when it "fails to apply or misapplies relevant statutes, case law or rules of procedure." *Knutson v. Blue Cross & Blue Shield of Minn.*, 254 F.R.D. 553, 556 (D. Minn. 2008) (quoting *Transamerica Life Ins. Co. v. Lincoln Nat'l Life Ins. Co.*, 592 F.Supp.2d 1087, 1093 (N.D. Iowa 2008)).

The court has reviewed the parties' submissions and finds the Magistrate Judge's order is neither clearly erroneous nor contrary to law. The court agrees that waiver does not bar Briggs's motion, since parties can raise challenges to venue under *TC Heartland* if the case was pending at the time of the *TC Heartland* decision. *In re Micron Tech., Inc.*, 875 F.3d at 1096. Nevertheless, factors such as timeliness, procedural posture, and efficient use of judicial resources weigh against a transfer. *See Micron*, 875 F.3d at 1101–02 (concluding that the district court may exercise its inherent powers to find waiver outside of Rule 12 under the framework of *Dietz v. Bouldin, Inc.* 136 S. Ct. 1885, 1891–92 (2016)); *see, e.g., In re BigCommerce, Inc.*, 890 F.3d 978, 982 (Fed. Cir. 2018) (finding waiver inappropriate under *Dietz* when motion for improper venue was filed nine days after *TC Heartland* issued, and the case had only been pending for approximately two months at the time of the motion).

This patent infringement action was filed over eight years ago. It was tried to this court, was appealed and was remanded. This court is familiar with the proceedings, issues, and the parties' positions. A transfer of venue would result in unnecessary duplication of effort. Under the circumstances, the court agrees with the Magistrate Judge that a transfer of venue is not warranted. Considerations of the parties'

3

convenience are outweighed by the age and extensive previous litigation of the case and by judicial economy. Accordingly,

IT IS ORDERED that:

1. Defendant Briggs's objections ([Filing No. 755](#)) to the Magistrate Judge's order are overruled.

2. The Memorandum and Order of the Magistrate Judge ([Filing No. 754](#)) is affirmed.

Dated this 19th day of July, 2018.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge