IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| EXMARK MANUFACTURING COMPANY INC., <br><br> Plaintiff, <br><br> vs. <br><br> BRIGGS & STRATTON POWER PRODUCTS GROUP, LLC, SCHILLER GROUNDS CARE, INC., and BRIGGS & STRATTON CORPORATION, <br><br> Defendants. | 8:10CV187 <br><br> MEMORANDUM AND ORDER |

This matter is before the court on Defendant Briggs & Stratton Corp.'s ("Briggs") motion to amend the scheduling order. ([Filing No. 813](#)). For the following reasons, Defendant's motion will be denied.

## BACKGROUND

The relevant procedural history set forth in the court's prior orders, including its order denying Defendant's motion to transfer venue, ([Filing No. 754](#)), and its order granting Plaintiff's motion to enforce the scheduling order. ([Filing No. 788](#)), is incorporated by reference and will not be repeated here.

On October 5, 2018, this Court issued a Protective Order prohibiting Defendant from enforcing third-party subpoenas served on MTD Products, Inc. ("MTD") and Husqvarna Professional Products, Inc. ("Husqvarna"). The undersigned magistrate judge held the parties' jointly suggested and court-approved post-remand scheduling order did not re-open discovery beyond its express terms, and those terms did not include depositions of third parties. The court's order further stated:

> Defendant has not moved to amend the scheduling order, but even if it had, any after-the-fact effort to modify the scheduling order would fail as a matter of law. . . . Defendant has failed to show due diligence: Defendant knew Plaintiff intended to rely on the MTD and Husqvarna agreements and their application to the damages analysis since at least May 7, 2018. . . . And even assuming a finding of due diligence, Plaintiff will be prejudiced by Defendant's late discovery attempts. The pretrial conference is scheduled for October 16, 2018, the parties must exchange exhibit lists by October 2, 2018, and motions in limine are due on October 11, 2018. Defendant's proposed additional discovery will not only unduly interfere with Exmark's trial preparation, it will disrupt the court's case progression order and calendar.

(Filing No. 788, at CM/ECF pp. 8-9) (internal citations omitted).

Defendant has filed an objection to that order (Filing No. 812), along with the motion to amend the scheduling order addressed in this memorandum and order. (Filing No. 813). As explained in Defendant's brief,

> Briggs is filing objections to the Court's decision on Exmark's motion today, along with Briggs's motion for amended scheduling order. Briggs does not wish to burden the Court with unnecessary motion practice. But to the extent that Briggs's previous request to amend the Scheduling Order was denied as "improper," Briggs is filing this motion such that the Court can rule definitively, so as to preserve all appellate remedies, as necessary.

(Filing No. 815, at CM/ECF p. 4).[1]

---

[1] My prior order did not deny Defendant's request to amend the scheduling order on only procedural grounds. Although Defendant's request to extend the deadlines was not previously mentioned in any motion, it was argued in the parties' briefing. The court has discretion to address arguments that were briefed but not raised by formal motion. I chose to address the merits of Defendant's request to extend the scheduling order deadlines, applying Rule 16(b)(4)'s good cause standard. While Defendant's current motion now formally requests an extension of the scheduling order, it appears more akin to a motion to reconsider my prior ruling. Nonetheless, this memorandum and order will again address Defendant's arguments.

## STATEMENT OF FACTS

The parties' "Joint Stipulation for Scheduling Order to Trial," (Filing No. 709), described the permitted post-remand supplemental fact discovery as follows:

> On or before **April 13, 2018** the parties shall supplement document production and written discovery responses relevant to the *Georgia-Pacific* factors. Supplementation shall be limited to documents and facts arising since the close of fact discovery.
>
> Each party may take one deposition regarding supplemental discovery. The depositions shall be in accordance with Fed. R. Civ. P. 30(b)(6) and shall be completed on or before **May 11, 2018**.

(Filing No. 709, at CM/ECF p. 1; Filing No. 710, at CM/ECF).

In April 2018, as part of its obligation to "supplement document production. . . relevant to the *Georgia-Pacific* factors," Exmark produced MTD and Husqvarna license and settlement agreements. (Filing No. 778). Some of these documents were produced two-weeks after the supplementation deadline. (Filing No. 778). Briggs states it first learned of these agreements and of Exmark's accusations of infringement of the '863 patent against MTD and Husqvarna when it received Plaintiff's document production in April of 2018. (Filing No. 780).

On May 1, 2018, Briggs corresponded with Exmark to ask whether it intended to rely on the MTD and/or Husqvarna agreements in any way in litigation. If so, Briggs indicated that it would seek further discovery on these agreements. (Filing No. 778-3). On May 7, 2018, Exmark responded that it anticipated its expert witness, Bennis, would discuss the agreements in her upcoming report. (Id).

Rather than ask Exmark if it would stipulate to amend the scheduling order to permit additional discovery, Briggs filed notices of intent to serve subpoenas on MTD and Husqvarna on May 7, 2018. (Filing No. 733-1, 733-2). The document and deposition topics Briggs sought from these third-parties were expressly "not

limited by time or geography." ([Filing No. 733-1, at CM/ECF p. 46](#); [Filing No. 733-2, at CM/ECF p. 24](#)).

On May 18, 2018, Exmark wrote to Briggs to object to the subpoenas, stating they violated the scope of discovery permitted under the scheduling order. Specifically, the letter stated:

> The narrow scope of supplemental discovery authorized by the Court is limited to the "the parties" and their supplementation of "document production and written discovery responses relevant to the *Georgia-Pacific* factors." Moreover, such supplementation "shall be limited to documents and facts arising since the close of fact discovery." In addition, Briggs is limited to a maximum of "one deposition regarding supplemental discovery," which "shall be completed on or before May 11, 2018." The Order does not allow Briggs to seek third-party discovery of any kind, much less of the type and scope sought in these subpoenas.

([Filing No. 772-6](#)). Exmark requested a meet and confer discussion with Briggs if Briggs intended to pursue the subpoenas despite Exmark's objections.

During a meet and confer call between the parties on May 23, 2018, Briggs stated it did not intend to withdraw its subpoenas. The defendant argued the scheduling order governed only the parties' obligations to each other. ([Filing No. 780 at CM/ECF p.4](#); See also, [Filing No. 709 at CM/ECF p. 1](#) ("the *parties shall* supplement document production and written discovery responses . . ."). Briggs, therefore, contended that it was not in violation of [Federal Rule of Civil Procedure 16](#). At the end of the call, Exmark suggested scheduling a date and time to continue the conversation, but Briggs advised it was not prepared with its calendar to do so. Briggs stated it would get back to Exmark with a suggested date to continue the meet and confer process. Later that same day, in a follow-up email recapping the first meet and confer discussion, Exmark again reiterated its concerns:

4

> Exmark was surprised to learn of these subpoenas, given that they are not authorized by any Court Order or Federal Rule governing this case . . . . To the extent that Briggs believed it was entitled to more information about the MTD and Husqvarna settlement/license agreements, we would have expected you to raise that issue with us to determine whether an agreement could be reached . . . . Having not even attempted to work with Exmark on this matter, Briggs has created an unnecessary burden and distraction for parties and non-parties, alike. Nevertheless, Exmark is willing to continue the meet and confer process in an effort to see if a reasonable resolution on this issue can be reached.

([Filing No. 772-7](#)).

Contrary to the parties' agreement at the close of the May 23, 2018 conference, Briggs did not contact Exmark to schedule additional meet and confer discussions regarding the third-party subpoenas. Rather, Briggs continued to contact the third-parties, Husqvarna and MTD, as to compliance with the subpoenas. (See [Filing No. 778](#); [Filing No. 780](#)). On June 25, 2018, Exmark reinitiated the conversation with Briggs as to the subpoenas, reinstating its prior objections. ([Filing No. 772](#)).

On June 29, 2018, Briggs again responded that it did not intend to withdraw its subpoenas to Husqvarna or MTD. As to Exmark's continued objection that the subpoenas violated the post-remand scheduling order, Briggs responded:

> This is incorrect. As I explained during our meet and confer, the Joint Stipulation contemplates only the parties' obligations to each other; it does not prohibit either party from pursuing third-party discovery as Briggs did here.

([Filing No. 771-1](#)).

In early July 2018, Exmark suggested that the parties meet and confer again to discuss whether a compromise could be reached by narrowing the scope of permissible discovery as to the MTD and Husqvarna agreements. No compromise

was reached during this call. Following the parties' meet and confer discussion, Exmark, "in the interest of finding a resolution to [the] issue," proposed an agreement to "stipulate to an amendment to the Scheduling Order that would allow Briggs to seek documents from MTD and Husqvarna in . . . three categories":

> Communications and documents regarding the '863 patent and the agreements between Exmark and MTD / Husqvarna insofar as those agreements relate to the '863 patent,
>
> Documents sufficient to identify the MTD / Husqvarna mowers accused of infringing the '863 patent and the design of the baffle / deck on these mowers, and
>
> Documents sufficient to identify alterations to the accused mowers' baffles / decks because of Exmark's allegations of infringement and the cost of these alterations, if any.

([Filing No. 772-9](#)). Directly below these terms, Exmark stated that "[i]f Briggs is not willing to compromise in this way, please advise us of that so we can seek the assistance of the Court." (<u>Id).</u> Briggs never responded to Exmark's correspondence and continued to seek the subpoenaed information from MTD and Husqvarna.

On September 7, 2018, Exmark moved "To Enforce Scheduling Order and for a Protective Order." ([Filing No. 768](#)). The motion was fully submitted on September 28, 2018, and the undersigned magistrate judge granted the motion on October 3, 2018. ([Filing No. 787](#)).

The pretrial conference was held, as previously scheduled, on October 16, 2018. (Filing No. 802).

Briggs filed the pending motion to amend the scheduling order on October 19, 2018. ([Filing No. 813](#)).

6

ANALYSIS

A scheduling order may be modified "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). In making this determination, the court considers the movant's level of diligence and the degree of prejudice to the parties when assessing whether good cause exists. The movant may be considered diligent if, in fairness, the existing schedule cannot be met due to "newly discovered facts" or "any other changed circumstance after the scheduling deadline." Fed. Ins. Co., 320 F.R.D. at 196-97 (citing Hartis v. Chicago Title Ins. Co., 694 F.3d 935, 948 (8th Cir. 2012)). The extent of prejudice to either party is considered only following a requisite threshold finding of due diligence.[2] Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 716-17 (8th Cir. 2008); Marmo v. Tyson Fresh Meats, Inc., 457 F.3d 748, 759 (8th Cir. 2006).

The timeliness of discovery motions is an important consideration. A party's position may very well be "weaken[ed] or undermin[ed]" when there have been long delays in requesting discovery, or in requesting remedies when discovery requests have gone unanswered. Fed. Prac. & Proc. Civ. § 2285 (3d ed.). Generally, belated discovery motions, especially those foisted on the court during the final trial preparations, are not favored. Id. Courts often deny discovery motions when faced with looming trials and a pattern of delayed discovery requests and extensive motion practice. Mercantile Tr. Co. Nat. Ass'n v. Inland Marine Prod. Corp., 542 F.2d 1010, 1013 (8th Cir. 1976) (reasoning, in context of amending complaint, that parties' "leisurely approach to discovery" counseled against further delay of trial); Haviland v. Catholic Health Initiatives-Iowa, Corp., 692 F. Supp. 2d 1040, 1044

---

[2] Briggs argues the court should grant its motion because "the discovery sought is directly relevant and necessary to Exmark's damages case" and will not prejudice Exmark. (Filing No. 851, at CM/ECF pp. 2-4, 9-10). However, having failed to demonstrate a threshold showing of due diligence, Briggs leaves no room for the court to consider prejudice, or the lack thereof.

7

(S.D. Iowa 2010) ("[d]iscovery is meant to be a balanced and, hopefully, front-loaded process, not one involving deadline brinkmanship").

Here, Briggs knew as early as April 2018 that MTD and Husqvarna may be sources of additional information relevant to this case. (Filing No. 778). Briggs claims it believed the parties had "negotiated a partial resolution by agreeing to the reduced scope of Brigg's document subpoena" during the second meet and confer, but despite the parties' understanding, Exmark "filed [its] motion [to enforce the Scheduling Order and for a Protective Order without any additional correspondence." (Filing No. 777, at CM/ECF p. 11). (Filing No. 777, at CM/ECF p. 11). In essence, Briggs claims it was "sandbagged" by Exmark; that Exmark is backing away from its earlier agreement and leaving Briggs without the evidence it needs for trial.

The court's record belies this characterization. The dispute between the parties began over six months ago. Based on the evidence of record, on May 7, 2018, Briggs filed notices of subpoenas on MTD and Husqvarna. On May 18, 2018, Exmark served its objections to Briggs' subpoenas as beyond the scope of the scheduling order, while Defendant adhered to its belief that the current scheduling order permitted unrestrained discovery from third-parties.

Exmark and Briggs held their second meet and confer session on July 13, 2018. Exmark's email to Briggs summarizing the outcome of that session suggested narrowing the scope of the third-party subpoenas, concluding:

> Although the subpoenas Briggs served violate the Joint Stipulation for Scheduling Order to Trial (Dkt. 709) and at least Federal Rules of Civil Procedure 16 and 26, in the interest of finding a resolution to this issue Exmark would be willing to stipulate to an amendment to the Scheduling Order that would allow Briggs to seek documents from MTD and Husqvarna in the three categories identified above. However, any continued effort by Briggs to depose these third parties not only violates the Scheduling Order and the aforementioned Federal

8

> Rules, it is harassing and unduly burdensome for everyone involved. Exmark believes that the Court would agree and issue a Protective Order to that end.
>
> Please advise if Briggs is willing to agree to resolve this issue with a stipulated amendment to the Scheduling Order that would allow Briggs to seek documents in the three categories identified above from MTD and Husqvarna. If Briggs is not willing to compromise in this way, please advise us of that so we can seek the assistance of the Court.

([Filing No. 772-9](#)). Briggs did not respond to this communication or bring the matter to the court's attention for a ruling, apparently standing firm on its interpretation of the scope of discovery permitted under the scheduling order.

Under the facts presented, the undersigned magistrate judge restates her prior ruling; that is, I find Defendant has failed to show that after obtaining "newly discovered facts," it promptly presented the parties' dispute over third party discovery to the court for a ruling on the scope of discovery permitted under the court's scheduling order and, if necessary, for modification of that order. Promptly raising the issue could have eliminated or limited the likelihood that remaining dates within the scheduling order, including the trial and pretrial conference settings, would be disrupted. Instead, Briggs' late attempt, made only after the undersigned magistrate judge ruled that Briggs' interpretation of the scheduling order was incorrect, places the current trial date in jeopardy and it requests leave to perform third party discovery after the pretrial conference was already held.

Furthermore, contrary to Briggs' claim, "Failure to object to issuance of a subpoena to a nonparty does not preclude an adverse party from moving for a protective order under [Federal Rule of Civil Procedure 26(c)](#)." NECivR 45.1(c). Therefore, Briggs' argument that "Exmark did not avail itself of the objection procedure provided for in Nebraska Civil Rule 45.1(b)" has no bearing on the instant matter. ([Filing No. 851, at CM/ECF p. 8](#)). Although Exmark's written objections to Briggs notice of subpoenas on MTD and Husqvarna were served four days late,

Briggs has offered no proof to support its conclusory statement that but for this delay "this dispute would have been resolved months ago." ([Filing No. 851, at CM/ECF p. 8](#)).[3]

Citing [Gilkerson v. Nebraska Colocation Centers, L.L.C, No. 8:15CV37, 2017 WL 6209827, at *2 (D. Neb. Dec. 7, 2017)](#), Defendant further argues "that four months' time, even if unexplained . . . does not necessarily demonstrate a lack of diligence—especially when considering that this case has been pending for nearly eight-and-one-half years." ([Filing No. 815, at CM/ECF p. 13](#)). But in Gilkerson, following remand from the Federal Circuit, a scheduling conference was held on August 22, 2017. Only a month later, the undersigned was notified of a discovery dispute over a newly filed parallel lawsuit and its potential impact on the discovery in Gilkerson. Following expedited briefing, the court held that the moving party was diligent. Unlike the present case, the moving party's prompt notice of the dispute had afforded a prompt resolution by the court, thus only minimally disrupting the discovery deadline in the scheduling order and causing no anticipated disruption of the remaining scheduling order deadlines, or the pretrial conference and trial settings.

Briggs further argues the Court should now grant its motion to amend the scheduling order because Defendant was merely trying "to avoid motion practice before this Court." ([Filing No. 815, at CM/ECF p. 10](#)). The defendant argues that it did not "immediately move to modify the Scheduling Order" because (1) it "believed

---

[3] Objections under NECivR 45.1(b) are to be served on the party proposing service of third party subpoenas. These objections need not be and are not typically filed of record with the court except as evidence in support of an unresolved motion for protective order or to compel compliance with the subpoenas. Thus, the failure to file a motion for court resolution, not the four-day delay in serving objections to the subpoenas, is the source of delay in obtaining a ruling on the current dispute.

that its subpoenas were proper under the current Scheduling Order"; and (2) Briggs was "negotiating the scope and terms of the subpoenas with MTD and Husqvarna" . . . while simultaneously participating in meet and confer sessions with Exmark. Id. In support of this argument, Defendant encourages this court to adopt the reasoning set forth by the Minnesota district court in Cannon Technologies, Inc. v. Sensus Metering Systems. Id., No. 08-CV-6456 (RHK/LIB), 2010 WL 11561192, at *3 (D. Minn. Dec. 1, 2010).

The court is unconvinced. In Cannon, the Minnesota court held the movant had acted with reasonable diligence despite the resultant delay because Cannon did not learn, and could not have learned, of the importance of certain testimony until opposing counsel submitted its affidavit in support of summary judgment on August 2, 2010, the day after the discovery deadline; Cannon then moved to strike the affidavit on August 9, 2010, but that motion was denied; less than a month later, Cannon asked opposing counsel's permission to depose the affiant, but that request was denied; and thereafter, Cannon immediately filed a motion to compel and a motion to amend the scheduling order. Under such facts, the Minnesota district court found "Cannon acted reasonably promptly and did not unnecessarily delay in filing its motion" because at all times during the discovery phase it had actively undertaken the proper sequence of measures to resolve the discovery dispute.

Here, as early as May 18, 2018, Exmark objected to Briggs' notice of intent to serve third party subpoenas. Meet and confer sessions were held in May and early July, and the first this court knew of any discovery dispute was September 7, 2018 (only six weeks before the pretrial conference)—and then only upon the motion to enforce the scheduling order filed by Exmark. Due to the disparate facts at issue, Cannon's holding is inapplicable to this case.

Briggs argues that it was attempting to "avoid motion practice before this Court." ([Filing No. 777, at CM/ECF p. 17](#)). While the court strongly encourages all parties to engage in informal resolution of discovery disputes before resorting to court intervention, Briggs cannot validly assert that when those efforts fail, the undersigned magistrate judge cannot be promptly contacted for a hearing or written ruling. More importantly, when the parties' efforts to resolve the dispute failed on July 13, 2018, Briggs went silent. Neither Exmark nor the court were further contacted for a resolution. Based on this record, it appears Briggs was confident in its interpretation of the scope of third party discovery permitted under the scheduling order, and with that interpretation, it concluded no motion practice was necessary.

Contrary to Briggs' argument, the undersigned magistrate judge has found that the post-remand scheduling order did not permit third party subpoenas. That order is now on appeal. And as explained above and in my prior order, I further find Briggs has failed to show the good cause required under Rule 16(b)(4) for modification of the post-remand scheduling order.

Accordingly,

IT IS ORDERED that Plaintiff's motion to amend the scheduling order, ([Filing No. 813](#)), is denied.

November 14, 2018.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge