IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| EXMARK MANUFACTURING COMPANY INC., <br><br> Plaintiff, <br><br> vs. <br><br> BRIGGS & STRATTON CORPORATION, <br><br> Defendant. | 8:10CV187 <br><br> MEMORANDUM AND ORDER |

This matter is before the Court on defendant Briggs & Stratton Corporation's ("Briggs") motion for summary judgment that Claim 1 of U.S. Patent No. 5,987,863 ("the '863 Patent") is invalid due to indefiniteness, Filing No. 826.

Briggs's motion is premised on the contention that the court adopted a "revised construction" of the term "flow control baffle" in its order reaffirming the validity of the '863 patent over the prior art. *See* Filing No. 800, Memorandum and Order. It contends the agreed-upon construction of flow control baffle as a "structure within the walls of the mower deck that controls the flow of air and grass clippings" has no explicit or implicit requirement that the baffle have a "meaningful" effect on airflow. Filing No. 860, Reply Brief at 1. It argues that the court's ostensible "revised construction of 'flow control baffle'—requiring the entire baffle to have a meaningful effect on the flow of air and grass clippings—renders claim 1 of the '863 patent indefinite because there is no objective way to determine whether the baffle's effect is 'meaningful.'" *Id.*

Exmark argues that Briggs's present motion is controlled by the law of the case. Further, Exmark argues that by failing to raise the present indefiniteness argument

1

before the Federal Circuit, Briggs has waived its right to raise it in this court. Finally, Exmark contends Briggs cannot meet the heavy burden to show that Exmark's '863 patent is invalid as indefinite by clear and convincing evidence.

I.   FACTS

As relevant to this motion, the record shows that prior to the trial of this matter, Briggs moved for a summary judgment that Claim 1 was invalid as indefinite. Filing No. 309. This court found as a matter of law that the claim was not invalid as indefinite. Filing No. 476, Memorandum and Order at 25-27. The Court stated:

> In the context of the claims of this patent, the terms can be easily understood. The court finds the defendant's argument is inconsistent with the claim language, the court's claim construction order, its own experts' opinions on what the prior art teaches, and with the common-sense understanding of the terms. The terms must be viewed with the understanding of the function of the flow control baffle, which was to "control" the flow of the air and grass clippings. There are objective criteria to measure the effect of a flow control baffle. One skilled in the art would understand the limitations to call for a baffle that efficiently controls the flow of the air and clippings. The terms must be understood in the context of the objectives of claimed invention—particularly "to provide a lawn mower . . . having a flow control baffle which efficiently directs the grass clippings and air towards the side discharge of the mower deck in a manner which prevents grass clippings and air from being directed downwardly onto the ground or turf unless the mulching baffles are mounted on the mower."

Filing No. 1, Complaint, Ex. A, '863 Patent at 2:24-29.

The Court's finding on indefiniteness was affirmed on appeal to the Court of Appeals for the Federal Circuit ("federal Circuit" or "Appeals Court"). *Exmark Mfg. Co.*

2

*Inc. v. Briggs & Stratton Power Prod. Grp.*, LLC, 879 F.3d 1332, 1344-47 (Fed. Cir. 2018).[1]

The Federal Circuit reversed the court's anticipation and obviousness rulings, finding error in the court's purported reliance on the findings of the United States Patent and Trademark Office ("PTO"). *Id.* at 1337. It directed the Court to make an independent determination and to address certain legal issues, including claim construction. *Id.* at 1344. The Appeals Court stated that this court may have adopted a broader construction than the PTO of the "flow control baffle" limitation of the claim and directed the court to reconsider how the claim construction impacted the invalidity analysis. *Id.* at 1343.

The Court did so in its order reaffirming the validity of the ''863 patent. Filing No. 800, Memorandum and Order at 11-12. The Court clarified that it had not adopted the language from the PTAB construction regarding a flow control baffle having a "meaningful effect" on the flow of air and grass clippings, explaining that "the parties' agreed construction was easily understood and there was no need for the 'meaningful effect' language." *Id.* at 11 (citing Filing No. 476, Memorandum and Order at 24 n.8). The Court found

> As understood in context, there is no substantive difference between the PTAB's construction and the parties' original agreed-upon construction. In context, to a person of ordinary skill in the art, a baffle is separate from and spaced away from the front wall in order to constitute a "flow control

---

[1] On appeal, Briggs argued that the '863 patent does not explain how to objectively determine whether a baffle portion is straight enough or long enough to be "elongated and substantially straight" for purposes of determining infringement. *Exmark,* 879 F.3d at 1344. Though Briggs did not specifically challenge the term "flow control baffle," the Appeals Court's discussion shows the interrelatedness of the terms of the claims and specifications, as well as the drawings and functions, to an understanding of the scope of the claim language. *Id.* at 1344-47 (stating that functional language can promote definiteness because it helps bund the scope of the claims by specifying the operations the claimed invention must undertake).

> baffle." The two phrases effectively convey the same basic point—under the Court's claim construction, the claim term "flow control baffle" does not cover thin mounting plates that run along, contact, and conform to the front deck wall as in the Simplicity mulching mower. The concept of a "meaningful effect" is subsumed within the notion of "control" of the flow of clippings.

Id. at 12. The Court also stated that it applied the claim construction adopted early in the litigation in making its determination. Id. at 14. Filing No. 800, Memorandum and Order at 14.[2] The Court also considered indefiniteness in the context of the disclosure required for a patent to be entitled to the benefit of the filing date of an earlier filed application, citing Nautilus, Inc. v. Biosig Instruments, Inc., 572 U.S. 898, 134 S. Ct. 2120, 2129 (2014), for the proposition that a claim is indefinite if, when read in light of the specification and prosecution history, it fails to inform those skilled in the art about the scope of the invention with reasonable certainty. Filing No. 800, Memorandum and Order at 11.

II. LAW

"A patent is presumed valid under 35 U.S.C. § 282 and, 'consistent with that principle, a [fact finder is] instructed to evaluate . . . whether an invalidity defense has been proved by clear and convincing evidence.'" Biosig Instruments, Inc. v. Nautilus, Inc., 783 F.3d 1374, 1377 (Fed. Cir. 2015) ("Nautilus Remand") (quoting Microsoft Corp. v. i4i Ltd. P'ship, 564 U.S. 91, 94, 131 S. Ct. 2238, 2241 (2011)). "[A] patent is invalid for indefiniteness if its claims, read in light of the specification delineating the patent,

---

[2] By way of explanation, what the court was saying was that the "flow control baffle" has to actually *do something*. And what it does, as the term implies, is control the flow of air and grass clippings. Thin mounting plates that run along, contact and conform to the front wall of a deck (as in the Simplicity prior art mulching mower) do not control the flow of air and grass clippings. See Filing No. 800, Memorandum and Order at 11-12. This comports with the functional analysis set out in *Exmark*, 879 F.3d at 1344-47.

4

and the prosecution history, fail to inform, with reasonable certainty, those skilled in the art about the scope of the invention." *Nautilus, Inc.,* 134 S. Ct. at 2124; *see Halliburton Energy Servs., Inc. v. M–I LLC*, 514 F.3d 1244, 1249 (Fed. Cir. 2008) (noting that overcoming the presumption of patent validity demands clear and convincing evidence that "a skilled artisan could not discern the boundaries of the claim). "Absolute precision is unattainable" and "the certainty which the law requires in patents is not greater than is reasonable, having regard to their subject matter." *Nautilus Inc.*, 134 S. Ct. at 2129. "As we have stated in the past, '[t]he degree of precision necessary for adequate claims is a function of the nature of the subject matter.'" *Nautilus, Inc.*, 783 F.3d at 1382 (quoting *Miles Labs., Inc. v. Shandon, Inc.*, 997 F.2d 870, 875 (Fed. Cir. 1993)).

III. DISCUSSION

The Court need not address the law of the case or waiver arguments because the Court finds that Briggs's motion can be denied on the merits.[3] The Court disagrees with Briggs's initial premise that the construction of the claim term "flow control baffle" has been altered or changed. Briggs's arguments rest on a false premise—that the court "construed" the claim term "flow control baffle" to include the "meaningful effect" language used by the Patent Office. Contrary to Briggs's contention, the Court found the opposite—it adopted the claim construction agreed to by the parties early in the litigation. It defies logic to agree to a construction or definition of claim terms and later declare the agreed-to language is indefinite.

---

[3] The Court notes for the record, however, that Briggs raised the same arguments in its motion for a summary judgment of invalidity based on indefiniteness with respect to the term "flow control baffle" in 2015. Filing No. 854 at 2, 5, 8-9; *compare* Filing No. 829, Briggs's Brief at 8-10 *with* Filing No. 364, Briggs's Brief at 26-30.

This action was remanded for this Court to "to 'consider how its claim construction, to the extent it is the same or different from the [Patent] Board's construction, impacts its anticipation and obviousness analysis.'" *Exmark,* F.3d at 1343 and n. 3. In essence, this Court clarified on remand that the Patent Board's construction and the parties' agreed construction said the same thing. The "meaningful effect" language neither narrows nor widens the scope of the claim—it is merely a different way of saying the same thing.

The Court agrees with Exmark that Briggs's arguments on the merits are strained. Language used to explain or clarify a term generally makes it less, not more, indefinite. Having found that the basis for Briggs's motion is in error, the Court finds for the reasons stated in its earlier order denying Briggs's earlier, similar motion, as well as for the reasons stated in the Appeals Court's decision, that Briggs has not presented clear and convincing evidence that the asserted claim of the patent is indefinite. *See* [Filing No. 476](), Memorandum and Order at 24-27; *Exmark*, 879 F.3d at 1344-47. Accordingly

IT IS ORDERED:

1. Defendant Briggs & Stratton Corporation's motion for summary judgment that Claim 1 of U.S. Patent No. 5,987,863 ("the '863 Patent") is invalid due to indefiniteness ([Filing No. 826]()) is denied.

Dated this 3rd day of December 2018.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge