**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEBRASKA**

_____
                                                                     )
EXMARK MANUFACTURING CO., INC.,        )
                                                                     )
         *Plaintiff*,                                    )
                                                                     )
   v.                                                          )
                                                                     )  Civ. Action No. 8:10-cv-00187-JFB-CRZ
BRIGGS & STRATTON CORP.                         )
                                                                     )
         *Defendant*.                                  )
_____ )

**REPLY BRIEF IN SUPPORT OF EXMARK'S MOTION *IN LIMINE* NO. 5: TO EXCLUDE EVIDENCE AND ARGUMENT REGARDING CERTAIN OF DEFENDANT'S SUPPLEMENTAL EXHIBITS**

In its opposition to Exmark's Motion *In Limine* No. 5, Briggs argues that its three sets of newly produced photographs, listed as supplemental exhibit numbers 2322, 2323, and 2324, should not be excluded because the parties agreed to allow five supplemental exhibits to be added to each parties' exhibit list without a showing of good cause. (Dkt. 888.) That agreement absolutely did not reopen fact discovery; it was meant to allow the parties to add a few exhibits to their respective exhibit lists, given the reality that exhibit lists were being submitted 2 months before trial. As explained in Exmark's brief in support of its Motion *In Limine* No. 5, Briggs' exhibits 2322, 2323, and 2324 were produced well after the close of fact discovery in this case. (*See* Dkt. 865 at 1.) Exmark has no information regarding what these decks are, how they came to look the way they do, or any context for what they show. Briggs has not provided any further clarification in its opposition brief, other than to argue that the uncertainty created by its newly produced photos are part of the inherent nature of trial. (*See* Dkt. 888 at 4.) The parties' agreement to allow a few documents to be added to their respective exhibit lists was not a free

1

pass to surprise Exmark with substantive discovery right before trial. Frankly, Exmark is surprised Briggs would even make such an argument.

Additionally, Briggs tries to draw equivalency between its newly produced photographs (Exhibits 2322, 2323, and 2324), and two mowing videos Exmark added to its list. (*Id.* at 3-4.) But as explained in Exmark's opening brief, Exmark's videos are for demonstrative purposes. (Dkt. 865 at 2.) Exmark wanted to be able to show an Exmark mower mowing (just like Briggs demonstrated a Ferris mower to the jury in 2015), but Exmark suspects that such a demonstration cannot likely be made live during trial in the middle of December when snow is likely to be on the ground and there is no grass to mow. On the other hand, Briggs' supplemental exhibits 2322, 2323, and 2324 appear to be for the purpose of making some substantive point of comparison at trial. There is no justifiable reason to allow Briggs to introduce this newly produced evidence. Exmark would be significantly and unfairly prejudiced by such late produced evidence and argument at trial.

**EXMARK MANUFACTURING CO., INC.**

By its attorneys,

Dated: December 5, 2018        *s/ Joseph W. Winkels*
J. Derek Vandenburgh (admitted *pro hac vice*)
Joseph W. Winkels (admitted *pro hac vice*)
Alexander S. Rinn (admitted *pro hac vice*)
CARLSON, CASPERS, VANDENBURGH &
    LINDQUIST, P.A.
225 South Sixth Street, Suite 4200
Minneapolis, MN 55402
Phone:  612-436-9600
Fax:  612-436-9605
dvandenburgh@carlsoncaspers.com
jwinkels@carlsoncaspers.com
arinn@carlsoncaspers.com

Jill Robb Ackerman (No. 17623)
BAIRD HOLM LLP
1500 Woodmen Tower
1700 Farnam Street
Omaha, NE 68102-2068
Phone:  402-636-8263
Fax:  402-344-0588
jrackerman@bairdholm.com

3

## CERTIFICATE OF SERVICE

I certify that on December 5, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record, including:

| | |
|---|---|
| J. Derek Vandenburgh | Marc A. Cohn |
| Joseph W. Winkels | Matthew M. Wolf |
| Alexander S. Rinn | William Louden |
| Jill R. Ackerman | John P. Passarelli |
| Amy De Witt | Carol A. Svolos |

*s/ Joseph W. Winkels*
J. Derek Vandenburgh (admitted *pro hac vice*)
Joseph W. Winkels (admitted *pro hac vice*)
Alexander S. Rinn (admitted *pro hac vice*)
CARLSON, CASPERS, VANDENBURGH &
    LINDQUIST, P.A.
225 South Sixth Street, Suite 4200
Minneapolis, MN 55402
Phone: 612-436-9600
Fax: 612-436-9605
dvandenburgh@carlsoncaspers.com
jwinkels@carlsoncaspers.com
arinn@carlsoncaspers.com