IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| EXMARK MANUFACTURING COMPANY INC., <br><br> Plaintiff, <br><br> vs. <br><br> BRIGGS & STRATTON CORPORATION, <br><br> Defendant. | 8:10CV187 <br><br> ORDER |

This matter is before the Court on the parties' motions in limine, Briggs & Stratton Corporation's ("Briggs") Filing Nos. 789, and Exmark Manufacturing Company Inc.'s ("Exmark") motions in Limine Filing No. 794 and No. 5 Filing No. 864.

I. LAW

Although the motion in limine is an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings, performing a gatekeeping function and sharpening the focus for later trial proceedings, some evidentiary submissions, cannot be evaluated accurately or sufficiently by the trial judge in such a procedural environment. *Jonasson v. Lutheran Child and Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997). A motion in limine is appropriate for "evidentiary submissions that clearly ought not be presented to the jury because they clearly would be inadmissible for any purpose." *Id.* In other instances, it is necessary to defer ruling until during trial, when the trial judge can better estimate the impact of the evidence on the jury. *Id.* The Eighth Circuit has noted that "[e]videntiary rulings made by a trial court during motions in limine are preliminary and may change depending on

1

what actually happens at trial." *Walzer v. St. Joseph State Hosp.*, 231 F.3d 1108, 1113 (8th Cir. 2000). To the extent that a party challenges the probative value of the evidence, an attack upon the probative sufficiency of evidence relates not to admissibility but to the weight of the evidence and is a matter for the trier of fact to resolve. *United States v. Beasley*, 102 F.3d 1440, 1451 (8th Cir. 1996).

II. DISCUSSION

    A. Briggs's Motion in Limine (Filing No. 789)

        1.    Motion in Limine to Exclude References to, Evidence of, and Argument regarding the MTD, Husqvarna, and Schiller Agreements

Briggs moves to preclude three sets of settlement and license agreements—a November 25, 2015 Settlement Agreement between Exmark and Briggs's former co-defendant Schiller (Filing No. 792-2, Exhibit ("Ex.") 1); a January 1, 2018 Settlement and License Agreements between Toro/Exmark and MTD (Filing No. 792-3, Filing No. 792-4, Exs. 2-3), and April 1, 2018 Settlement and License Agreements between Toro/Exmark and Husqvarna (Filing No. 792-5, Filing No. 792-6, Exs. 4-5) (together, the "Agreements"). The Court is advised that the parties have reached an agreement with respect to the MTD and Husqvarna agreements and the motion will be denied as moot with respect to those agreements.

With respect to the Schiller agreement, Briggs argues that the Schiller agreement was premised on the jury verdict award from the 2015 trial, which in turn was premised on expert testimony that was later rejected by the Court of Appeals for the Federal Circuit ("Federal Circuit"). Further, it contends the Schiller agreement was entered into under threat of bankruptcy and sixteen years after the hypothetical negotiation at issue.

2

It argues the agreement has little, if any, probative value and will unfairly prejudice Briggs.

Exmark opposes the motion saying there is evidence that the settlement was not, in fact, based on the 2015 verdict. It also contends the evidence is probative and argues that Briggs intends to rely on the Scag agreement which was also entered into years after the hypothetical negotiation and covers patents beyond the '863 patent. It argues that similarities and differences between the Schiller agreement and the circumstances of the hypothetical negotiation go to the weight of the agreement in the jury's damages analysis, not its admissibility.

Depending on the circumstances, a license agreement entered into in settling an earlier patent suit sometimes is admissible in a later patent suit involving the value of the patented technology, and sometimes is not. *Prism Techs. LLC v. Sprint Spectrum L.P.*, 849 F.3d 1360, 1368–69 (Fed. Cir.), *cert. denied*, 138 S. Ct. 429 (2017). Rule 403 provides for the exclusion of otherwise relevant evidence when the probative value of that evidence is substantially outweighed by the danger of unfair prejudice, confusing the issues, or misleading the jury. *LaserDynamics, Inc. v. Quanta Computer, Inc.*, 694 F.3d 51, 77 (Fed. Cir. 2012). The particulars of the case that was settled and the settlement, as well as of the case in which the settlement is offered as evidence, matter to the Rule 403 balance. *Prism Techs.*, 849 F.3d at 1370. The Federal Circuit has approved reliance on licenses, which often will not be in identical circumstances, as long as reasonable adjustments for differences in contexts are made. *Chrimar Holding Co., LLC v. ALE USA Inc.*, 732 F. App'x 876, 887 (Fed. Cir. 2018); *see, e.g., Prism Techs.*, 849 F.3d at 1368–70 (noting a strong showing in favor of admission).

3

Circumstances that weigh in favor of admission of a settlement agreement include a showing of comparable uses of the patent's technology, that the agreement was reached after the litigation was far enough along that the record was fully developed (enhancing the reliability of the basis on which the parties were assessing the likely outcome); the timing of the agreement is such that a large share of litigation costs is already spent (reducing the role of litigation-cost avoidance in the settlement decision), and absence of a risk of enhanced damages. *See, e.g., Prism Techs.*, 849 F.3d at 1369-71. The formulation of the normal settlement calculus for litigants—"enumerating 'the cost of the predicted judgment,' 'its probability,' and 'costs of further litigation'— helps identify why and when a district court, conducting the inquiry required by Rule 403, can find earlier patent-suit settlements admissible in valuing a patented technology." *Id.* at 1369 (quoting *Evans v. Jeff D.*, 475 U.S. 717, 734 (1986)).

The Court is unable to assess the probative value of the challenged agreement in the context of a pretrial motion. Accordingly, the motion will be denied at this time without prejudice to reassertion at trial.

    2.    Motion in Limine to Exclude References to, Evidence of, and Argument regarding Constructions of Claim Terms that Deviate from the Court's Constructions

Briggs argues that other claim constructions are improper because they are irrelevant under Federal Rule of Civil Procedure 401, unfairly prejudicial, confusing, and misleading pursuant to Rule 403, and would rely on different constructions than those used to find infringement in contravention of Federal Circuit precedent. Exmark agrees that the parties should not deviate from the Court's constructions, and contends that an

4

order to that effect is necessary. Accordingly, the Court finds the motion should be granted.

> 3. Motion in Limine to Exclude Argument that Mulching Mowers are not Prior Art

Briggs argues that mulching mowers are relevant to damages to show the nominal or incremental value of the baffle claimed in the '863 patent, which Exmark argues was a big advance over the prior art and is a market differentiator. Exmark contends the evidence is relevant only to the invalidity defense and is now moot.

After the first trial, the Federal Circuit affirmed this Court's evidentiary ruling limiting prior art evidence on damages to side-discharge mowers, finding that Claim 1 of the '863 patent was directed only to side-discharge mowers. *See [Exmark Mfg. Co. v. Briggs & Stratton Power Prods. Grp, LLC](), 879 F.3d 1332, 1352 (Fed. Cir. 2018)*. The Court sees no reason to depart from its prior ruling but will reserve ruling to see how the evidence develops. The proponent of the evidence will be required to establish relevance and foundation before the evidence will be admitted. Accordingly, the motion will be denied at this time without prejudice to reassertion at trial.

> 4. Motion in Limine to Exclude References to, Evidence of, and Argument regarding the Court's Summary Judgment Ruling on Validity, the 2015 Jury's Damages and Willfulness Verdicts, and the Court's Enhanced Damages Award

Briggs seeks to exclude evidence of certain parts of the first trial but does not seek to exclude evidence and argument regarding the jury's determination on the 2010 redesign. Briggs contends that the 2010 redesign verdict is necessary to provide context and is relevant to non-infringing alternatives available at the time of the

5

hypothetical negotiation in 1999. Exmark has no objection to preclusion of evidence and argument regarding any aspect of the first trial verdict, but argues, that if Briggs is allowed to present evidence of the verdict as to the 2010 redesign, Exmark should be permitted to present evidence and argument on other aspects of the verdict.

The motion is obviated in part by the Court's orders reaffirming validity and willfulness. The jury's verdict on those issues in the first trial is not relevant. Availability of non-infringing alternatives is relevant to damages and evidence of the 2010 redesign may be admissible in connection with that issue. However, the potential of prejudice in evidence that the jury determined that the design did not infringe may outweigh the probative value of any such evidence. The evidence may properly be the subject of a limiting instruction, but the Court cannot determine the ambit of such an instruction at this time. The Court is inclined to follow the practice utilized in the first trial. In the 2015 trial, the Court instructed the jury that the '863 patent had been found valid and that the validity of the patent was not an issue for the jury to decide. *See* Filing No. 605 at 17. That instruction adequately informed the jury that its task was only to decide damages. Accordingly, the motion will be granted and the Court will preclude evidence and argument on the ruling on validity, the 2015 jury's damages and willfulness verdicts, and the court's enhanced damages award. The Court reserves ruling on the issue of evidence of the 2010 redesign.

     5.    Motion in Limine to Exclude References to, Evidence of, and Argument regarding Infringement and Copying

Briggs argues that evidence of infringement and copying is irrelevant. Exmark argues that evidence of infringement is necessary to provide context for the jury's

6

damages calculation and "so the jurors can fully understand the nature of the dispute." The Court finds evidence of infringement, beyond the fact of infringement, is not relevant, since the court has found infringement as a matter of law. Further, the copying evidence would only be relevant to willfulness, which is no longer in the case. As noted, the Court will likely instruct the jury, as it did in the first trial, that the Court has decided the issue of infringement and the jury must only determine damages. Accordingly, the Court finds the motion should be granted.

> 6. Motion in Limine to Exclude Argument that Defenses that Briggs Did Not Actually Rely On at the Time of Infringement Are Irrelevant

This motion is addressed to prior art as it pertains to willfulness. Because willfulness is no longer at issue, the motion will be denied as moot.

> 7. Motion in Limine to Exclude References to, Evidence of, and Argument regarding Briggs's Motion to Transfer

Exmark does not oppose Briggs's motion unless Briggs opens the door by implying, for example, that it is unfair for the case to be tried in Nebraska. Briggs states it has no intention of raising any issue regarding the case being tried in Nebraska, and thus there appears to be no basis for dispute. Accordingly, the motion will be denied as moot.

> 8. Motion In Limine to Exclude References to, Evidence of, and Argument regarding Briggs's Size, Wealth, Overall Resources, and Overall Profit Margin After the Date of the Hypothetical Negotiation

Briggs argues that the danger of prejudice or confusion outweighs the probative value of evidence or argument on Briggs's total revenues, profits, size, or relative wealth

7

after the date of the hypothetical negotiation—regardless of whether a damages expert relied on an allocation of such financial information to analyze the amount of damages related to Briggs's infringing products. Exmark opposes the motion only with respect to evidence that is tied to the accused products in this case.

Briggs's overall size or wealth would be relevant only to willfulness, which is no longer in the case. Even with respect to evidence that is tied to the accused products, the danger of prejudice may outweigh any probative value. The Court is unable to evaluate or balance the probative value of such evidence against its potential to cause prejudice or confusion in the contest of a pretrial motion, especially with respect to any expert testimony relying on such information. Accordingly, the Court will grant the motion to the extent of Exmark's concessions but will reserve ruling on the motion with respect to expert testimony that relates to the accused products.

9. Motion in Limine to Exclude References to, Evidence of, and Argument regarding Mediation and Settlement Discussions

Exmark does not oppose the motion and the Court finds it should be granted.

10. Motion in Limine to Exclude References To, Evidence of, and Argument regarding the Law Firms of Briggs's Attorneys

Again, Exmark does not oppose the motion and the Court finds it should be granted.

11. Motion in Limine to Exclude References to, Evidence of, and Argument regarding Attorneys' Fees and the Costs of Litigation

Exmark does not oppose the motion and the Court finds it should be granted.

B. Exmark's Motions in Limine     (Filing Nos. 794 and 864)

1. Motion in Limine to Preclude Defendant from Presenting Improper Evidence and Arguments Related to Alleged Alternatives that Were Not Available at the Time of the Hypothetical Negotiation

Exmark contends that Briggs's exhibit list contains hundreds of exhibits showing mowers with deck designs that were not available at the time of the hypothetical negotiation in 1999. The exhibits are in the categories of (1) exhibits showing the redesign that Briggs developed and introduced in late 2010, eleven years after the hypothetical negotiation; and (2) exhibits showing deck designs of various third-party mowers dated anywhere from 2002 to 2017.

Briggs opposes the motion, arguing that the availability of noninfringing alternatives is a fact issue for jury. It also argues that the time period is not limited to the time of the hypothetical negotiation and points out that Exmark's own expert relies on events outside that time frame. Further, Briggs argues that the evidence is relevant to other *Georgia Pacific* factors.[1]

The Court is inclined to believe that the issue is properly the subject of cross-examination or that a limiting instruction may be in order. Also, some limitation on the extent of such evidence may be necessary to avoid a mini-trial on the issue. However, the Court is unable to determine the relevance of the evidence in the context of a pretrial motion. Evidence will be admitted only on a proper showing of foundation and relevance. Accordingly, the motion will be denied at this time without prejudice to reassertion.

---

[1] *See Georgia-Pacific Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116 (S.D.N.Y. 1970).

2. Motion in Limine to Exclude Evidence and/or
Argument regarding Exmark's Alleged Delay in
Asserting Its Patent Rights Against Briggs

Exmark contends the evidence is not relevant to any issues remaining in the case. Briggs argues, on the other hand, that the delay is relevant to damages and to rebut allegations of willful infringement. It argues that the evidence is relevant to damages to show Exmark's contemporaneous perception of the value of the patented invention.

Willfulness is not at issue and the Federal Circuit affirmed the Court's exclusion of the evidence in the first trial. *Exmark*, 879 F.3d at 1352 (agreeing that evidence of delay is not relevant to damages, even with respect to Georgia-Pacific factors four (licensing policy) and fifteen (hypothetical negotiation) and rejecting argument that delay establishes the perception of value). Accordingly, the Court finds the motion should be granted.

3. Motion in Limine to Exclude Testimony and Argument
Relating to the Federal Circuit Opinion

Exmark argues that the updated expert report of Briggs's damages expert suggests that Briggs intends to provide testimony at trial discussing and quoting from the Federal Circuit's opinion. Briggs states it has not listed the opinion on its exhibit list and contends it has no intention to introduce the opinion as evidence. Briggs argues, however, that Exmark's motion is an attempt to prevent Briggs from attacking the credibility and opinions of Exmark's witness, Melissa Bennis. It also contends the motion is premature because Briggs cannot predict how Ms. Bennis will respond to

questions concerning her credentials and qualifications or to questions concerning settlement agreements.

The Court is inclined to believe that the opinion itself is likely inadmissible as hearsay and because its probative value is exceeded by prejudice and potential for confusion. However, the Court is unable to assess the admissibility of the evidence at this time. The Court finds the motion should be denied without prejudice to reassertion at trial. Dr. Bennis's credibility is a question for the jury. Some evidence may be appropriate for impeachment or a limiting instruction may be necessary. Accordingly, the motion in limine is denied, without prejudice to reassertion.

    4.    Motion in Limine to Exclude Evidence and Argument regarding Patent Invalidity and to Exclude Irrelevant Exhibits Unrelated to Side-Discharge Mowing

Exmark states that, assuming the Court reaffirms the summary judgment of no invalidity, the Court should again preclude Briggs from presenting its invalidity case at trial and should also exclude all exhibits relating to mulching, mulch kits and other non-side-discharge mowers. Briggs opposes the motion, stating that evidence of mulching mowers is relevant to damages and to rebut willfulness.

Willfulness and invalidity are no longer at issue so the motion is moot with respect to those issues. Also, the Federal Circuit affirmed the Court's exclusion of damages evidence of side-discharge mowers, in keeping with the scope of the claim at issue. *Exmark*, 879 F.3d at 1352. The Court sees no reason at this time to depart from the earlier ruling. Accordingly, the motion in limine will be denied as moot as it relates to invalidity and willfulness and denied without prejudice to reassertion as to damages.

5. Motion in Limine to Exclude Evidence and Argument regarding Certain of Defendant's Supplemental Exhibits.

Exmark seeks exclusion of Exhibits 2322, 2323, and 2324, which are three sets of pictures that Exmark contends have never before been produced in this litigation. It asserts the exhibits are apparently interposed as substantive, not demonstrative evidence. It argues that the twenty-seven pictures were produced after the close of fact discovery in this case, less than thirty days before trial, and without explanation or context. Briggs argues that the parties agreed in the proposed pretrial order to allow the addition of five exhibits to the exhibit list prior to November 14, 2018. It is not clear whether the exhibits are demonstrative or substantive.

Ordinarily, evidence not disclosed in discovery is not admitted at trial. The parties' agreement does not support addition of previously undisclosed evidence. The trial will commence shortly and there is no time for further discovery. Under the circumstances, the Court finds the motion should be granted at this time, without prejudice to reassertion in connection with demonstrative evidence.

IT IS HEREBY ORDERED:

The parties' motions in limine Filing Nos. 789, 794, and 864 are granted in part and denied in part as set forth in this order.

Dated this 10th day of December 2018.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge