IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| EXMARK MANUFACTURING COMPANY INC.,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>BRIGGS & STRATTON CORPORATION,<br><br>　　　　　Defendant. | **8:10CV187**<br><br>**ORDER** |

　　This matter is before the Court for entry of judgment pursuant to the jury verdict, Filing No. 914. The issue of damages in this patent infringement action was retried on remand from the United States Court of Appeals for the Federal Circuit ("Federal Circuit"). Filing No. 706, Federal Circuit opinion. After the trial, the jury found defendant Briggs & Stratton Corporation ("Briggs") liable for $14,380,062.24 in damages. Filing No. 914, Verdict. Plaintiff Exmark Manufacturing Company Inc. ("Exmark") again seeks enhanced damages under 35 U.S.C. § 284. Filing No. 883, Trial Brief at 2; Filing No. 898, Pretrial Order at 4. Exmark also seeks an award of attorney fees and costs, as well as prejudgment and post-judgment interest. *Id.*

　　In the first trial of this action, the jury found willful infringement by Briggs. Filing No. 599, Verdict at 2. On remand, this Court reaffirmed the willfulness finding. Filing No. 868, Memorandum and Order. Pursuant to the jury's finding at the first trial, the Court enhanced Exmark's award in an amount equal to the damages found by the jury— $24,280,330 dollars—effectively doubling Exmark's recovery. Filing No. 689, Memorandum and Order at 10. The Court stated "[a]lthough the court is authorized to

award damages of up to triple the amount of the compensatory award, the court finds that an award equal to the jury's award of damages is sufficient to serve the purposes of the enhanced damages provision of the statute." *Id.* The Court noted the factors outlined in *Read Corp. v. Portec, Inc.*, 970 F.2d 816, 826–28 (Fed. Cir. 1992).[1] In consideration of the evidence of copying, Briggs's knowledge of or willful blindness to the patent, its litigation behavior, the duration of infringement, and Briggs's size and financial condition, the court found an enhancement equal to the jury's award was sufficient to satisfy the punitive purpose of enhanced damages. *Id.* at 7-10. For the reasons stated in its earlier order, the Court again finds that recovery of twice the amount of the jury's verdict is the appropriate measure of enhanced damages in this case.

Courts may, but are not required to, award reasonable attorney fees in "exceptional" cases. See *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1755-56 (2014). After the first trial, the Court found Exmark had not shown that the case was exceptional so as to warrant an award of fees. See Filing No. 689, Memorandum and Order at 11 (denying motion for attorney fees and noting that "[i]n this court's experience, unreasonable claim constructions, prolix pleadings, positions that strain credulity, flawed theories, and incorrect or unsupported arguments are the norm and not the exception in a hotly contested, high-stakes patent or commercial litigation case"). The Court considered the totality of the circumstances, weighing factors including

---

[1] These factors include: (1) whether the infringer deliberately copied the ideas or design of another; (2) whether the infringer, when he knew of the other's patent protection, investigated the scope of the patent and formed a good faith belief that it was invalid or that it was not infringed; (3) the infringer's behavior as a party to the litigation; (4) the defendant's size and financial condition; (5) the closeness of the case; (6) the duration of defendant's misconduct; (7) the remedial action by the defendant; (8) the defendant's motivation for harm; and (9) whether defendant attempted to conceal its misconduct. *Read*, 970 F.3d at 827.

frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence. *See id.* at 7, 11. The Court noted that both parties contributed to delay and both succeeded on some of their claims.

On retrial, the Court again "cannot say that Briggs's contentions were vexatious, frivolous, offensive, or improper" and finds that "[l]osing a case does not make the case exceptional." *See id.* The Court sees no reason to disturb its earlier findings. The Court's rationale applies equally to the retrial. In terms of the strength of the parties' litigating position and the manner of litigation, the case is not one that stands out from other cases. Accordingly, Exmark's request for attorney fees will be denied.

After the first trial, the Court found that an award of prejudgment interest, calculated at the U.S. Treasury rate, compounded annually, for the relevant time period, was appropriate. In contrast to attorney fees, an award of prejudgment interest is the rule, not the exception, in patent infringement cases. *General Motors Corp. v. Devex Corp.*, 461 U.S. 648, 655 (1983). For the reasons set out in its earlier order, the Court again finds that prejudgment interest should be awarded and finds, in its discretion that the U.S. Treasury rate remains appropriate to compensate Exmark for the infringement of its patent, in light of the delay in filing its lawsuit against Briggs. *See* Filing No. 690, Memorandum and Order at 10-11. Accordingly, Exmark's request for prejudgment interest will be granted.

Postjudgment interest, of course, is mandatory. 28 U.S.C. § 1961. Further, the Court earlier found that Exmark was the prevailing party and is entitled to an award of

3

costs. That finding still stands. Accordingly, Exmark's requests for postjudgment interest and costs will be granted.

IT IS ORDERED THAT

1. Exmark is awarded damages under 35 U.S.C. § 284 in the amount of $14,380,062.24.

2. Exmark's request for attorney fees is denied.

3. Exmark is awarded prejudgment interest, calculated at the U.S. Treasury rate, compounded annually, from and after May 12, 2004.

4. Exmark is awarded costs in this action and shall file an appropriate bill of costs in accordance with Local Rule 54.1(b).

Dated this 21st day of December, 2018.

> BY THE COURT:
>
> s/ Joseph F. Bataillon
> Senior United States District Judge