IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| EXMARK MANUFACTURING COMPANY INC., | |
| Plaintiff, | 8:10CV187 |
| vs. | MEMORANDUM AND ORDER |
| BRIGGS & STRATTON CORPORATION, | |
| Defendant. | |

This matter is before the Court on defendant Briggs and Stratton Corporation's ("Briggs") motion for judgment as a matter of law, or in the alternative, remittitur, or for a new trial, Filing No. 938. This is an action for patent infringement that was remanded to this court for a retrial on damages after the United States Court of Appeals for the Federal Circuit ("Federal Circuit") affirmed in part and reversed in part. *See Exmark Mfg. Co. v. Briggs & Stratton Power Products Group, LLC*, 879 F.3d 1332, 1348-54 (8th Cir. 2018).

On appeal after the first trial, the Appeals Court found error in the Court's denial of Briggs's motion for a new trial and remanded for a new trial on damages. *Id.* at 1351. It found no error in the Court's allowing Exmark to apportion the value of the patented improvement and conventional components of the multicomponent product through the royalty base rather than the royalty rate and approved Exmark's use of the accused lawn mower sales to as the royalty base. *Id.* at 1348-49. However, the Court found Exmark's damages expert Melissa Bennis's opinion was inadmissible "as it failed to adequately tie the expert's proposed reasonable royalty rate to the facts of the case,"

stating that the expert "plucked the 5% royalty rate out of nowhere." *Id.* at 1350-51. On retrial, Bennis provided an additional report and this Court denied Briggs's motion to exclude her testimony. Filing No. 801, Memorandum and Order. The jury returned a verdict of $14,380,062. Filing No. 914. Having found the earlier finding of willfulness in the first trial could stand, the Court awarded that same amount in punitive damages, doubling the award. Filing No. 868, Memorandum and Order; Filing No. 920, Order.

Briggs challenges the jury's damages award. It seeks either a judgment as a matter of law that Exmark is entitled to zero damages or a new trial on damages. It contends that the jury's verdict in the amount of $14.4 million is flawed for several reasons and argues post-trial relief in Briggs's favor is required. Briggs argues that the jury did not have evidence of legally sufficient grounds on which to base its finding that Exmark proved, by a preponderance of the evidence, the amount of reasonable royalty damages. In particular, it argues that Exmark failed to present evidence of the value of the patented baffle shape; Exmark's damages expert, Melissa Bennis's apportionment methodology was arbitrary, unreliable, and not tied to the facts of the case; Exmark relied on a settlement agreement in connection with the hypothetical negotiation that is irrelevant and was the product of litigation; Exmark did not tie profits allegedly lost from Brickman, Ruppert, and TruGreen to the hypothetical negotiation in 1999; and Exmark ignored operating profits and instead used revenues to calculate its reasonable royalty damages. Alternatively, Briggs argues the Court should order remittitur to the amount of $150,000, which represents the cost approach damages calculation presented by Briggs's damages expert, John Bone.

Exmark argues that it presented more than substantial evidence in support of the value of its patented technology. Further, it contends that its expert's methodology was appropriate and argues that Briggs's challenge should be rejected for the same reasons the Court denied Exmark's *Daubert* motion. It also contends that evidence regarding Brickman and other examples of actual competition was appropriate. Further, it argues that Ms. Bennis specifically explained how late-2000s examples of direct competition were related to the hypothetical negotiation and states that Briggs waived any argument that Ms. Bennis's testimony should be excluded based on the testimony relating to late-2000s competition. Last, it contends that Ms. Bennis properly considered Briggs's profits in calculating a reasonable royalty rate.

Briggs also contends that Exmark is not entitled to remittitur because the jury's verdict is not monstrous or shocking and is not entitled to a new trial because Exmark has not shown any abuse of discretion.

I. LAW

    A. Judgment as a Matter of Law/New Trial

In a patent case, motions for summary judgment and judgment as a matter of law are decided under the law of the regional circuit. *MobileMedia Ideas LLC v. Apple Inc.*, 780 F.3d 1159, 1164 (Fed. Cir.), *cert. denied*, 136 S. Ct. 270 (2015). The defendant seeks relief pursuant to Federal Rule of Civil Procedure 50 and 59.

Pursuant to Fed. R. Civ. P. 50(b), a court must affirm the jury's verdict unless, in viewing the evidence in the light most favorable to the prevailing party, the court concludes that a reasonable jury could not have found for that party. *Hite v. Vermeer Mfg. Co.*, 446 F.3d 858, 865 (8th Cir. 2006). "A Rule 50(a) motion is proper only if 'a

3

reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue.'" *Moran v. Clarke*, 296 F.3d 638, 643 (8th Cir. 2002) (en banc) ("Such a ruling is appropriate only when all the evidence points one way and is susceptible of no reasonable inferences sustaining the position of the non-moving party"). The evidence must be viewed in the light most favorable to the nonmoving party while assuming as proven all facts her evidence tends to show, resolving all evidentiary conflicts in her favor, and according her all reasonable inferences. *Sheriff v. Midwest Health Partners, P.C.*, 619 F.3d 923, 929 (8th Cir. 2010). A post-trial motion for judgment as a matter of law may be granted only if there was "'a complete absence of probative facts to support the conclusion reached' so that no reasonable juror could have found for the nonmoving party." *Id. at* 928 (quoting *Hathaway v. Runyon*, 132 F.3d 1214, 1220 (8th Cir. 1997)).

Rule 59(e) motions for a new trial or amendment of judgment serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence. *U.S. v. Metro. St. Louis Sewer Dist.,* 440 F.3d 930, 933 (8th Cir. 2006). Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Id.* (*quoting Hagerman v. Yukon Energy Corp.*, 839 F.2d 404, 414 (8th Cir. 1988)). Under rule 59(e), the court may reconsider issues previously before it, and generally may examine the correctness of the judgment itself. *Leonard v. Dorsey and Whitney, LLP*, 553 F.3d 609, 620 (8th Cir. 2009). Under Rule 60, relief from judgment is available under the catch-all provision of the rule, Fed. R. Civ. P. 60(b)(6), "'only where exceptional circumstances have denied the moving party a full and fair opportunity to litigate his claim and have prevented the moving party from receiving adequate

4

redress.'" *Murphy v. Missouri Dep't of Corr.*, 506 F.3d 1111, 1117 (8th Cir. 2007) (quoting *Harley v. Zoesch*, 413 F.3d 866, 871 (8th Cir. 2005)). Rule 60(b) and Rule 59(e) motions are analyzed identically. *Metro St. Louis*, 440 F.3d at 933 n.3; *see also U.S. Xpress Enters. Inc. v. J.B. Hunt Transp., Inc.*, 320 F.3d 809, 815 (8th Cir. 2003) (discussing factors one must show to prevail under Rule 60(b)(2), which are the same under Rule 59(e)).

New trials based on the weight of the evidence are generally disfavored, and the district court's authority to grant a new trial should be exercised sparingly and with caution. *United States v. Campos*, 306 F.3d 577, 579 (8th Cir. 2002). The jury's verdict must be allowed to stand unless the evidence weighs heavily enough against the verdict that a miscarriage of justice may have occurred. *United States v. Lacey*, 219 F.3d 779, 783 (8th Cir. 2000). A district court may weigh the evidence and evaluate for itself the credibility of the witnesses in determining whether a new trial is warranted. *United States v. Anwar*, 428 F.3d 1102, 1109 (8th Cir. 2005). A new trial is favored over a remittitur when a court finds that passion or prejudice has influenced a jury's damage award on the theory that such passion or prejudice may also have influenced the jury's determinations in other phases of the trial. *Tedder v. American Railcar Indus., Inc.*, 739 F.3d 1104, 1110-11 (8th Cir. 2014).

B. Remittitur

A district court's decision to grant or withhold a remittitur is determined under the law of the regional circuit. *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, 711 F.3d 1348, 1356 (Fed. Cir. 2013). In the Eighth Circuit, remittitur "is a procedural matter governed by federal, rather than state law." *Taylor v. Otter Tail Corp.*, 484 F.3d

5

1016, 1019 (8th Cir. 2007) (quoting *Parsons v. First Investors Corp.*, 122 F.3d 525, 528 (8th Cir. 1997)). A court is not at liberty to supplant its own judgment on the damages amount for the jury's findings. *Oiness v. Walgreen Co.*, 88 F.3d 1025, 1030 (Fed. Cir. 1996). A court may allow a plaintiff to avoid a new trial if the plaintiff agrees to remit an amount of damages as determined by the Court. *See Thorne v. Welk Inv., Inc.*, 197 F.3d 1205, 1212 (8th Cir. 1999).

Remittitur "is appropriate 'only when the verdict is so grossly excessive as to shock the conscience of the court.'" *Sheriff,* 619 F.3d at 931 (quoting *Eich v. Bd. of Regents for Cent. Mo. State Univ.,* 350 F.3d 752, 763 (8th Cir. 2003)). The denial of remittitur will be reversed only in the rare circumstance that the Court of Appeals is "pressed to conclude that the verdict represents a monstrous or shocking injustice." *Id.* at 932 (quoting *Benny M. Estes & Assocs., Inc. v. Time Ins. Co.*, 980 F.2d 1228, 1235 (8th Cir. 1992) (citation omitted). Whether an award is excessive, rests within the discretion of the trial court. *Hite v. Vermeer Mfg. Co.*, 446 F.3d 858, 869 (8th Cir. 2006).

II. DISCUSSION

The Court finds the defendant's motion for judgment as a matter of law, a new trial, and/or remittitur should be denied. The Court agrees with the plaintiff that the jury heard ample evidence concerning the value of the invention, much of which was unrefuted. The jury heard expert testimony from both sides. The jury is entitled to credit such evidence and determine what weight it should be afforded.

Briggs has not shown that a different result would have been likely had the jury heard evidence concerning Exmark's alleged delay in fining suit. The Court sustained objections to such testimony at trial because it would lead the jury to make improper

assumptions. The Court continues to find that its evidentiary rulings as to evidence of delay were correct. After the first trial, The Federal Circuit affirmed the Court's finding that has already rejected Briggs' argument and affirmed that such evidence is not relevant to damages, explaining:

> We agree with the district court that Briggs' attempt to introduce evidence of Exmark's delay in filing suit for infringement is not relevant to damages, even when considering Georgia-Pacific factors four (licensing policy) and fifteen (hypothetical negotiation). As the district court recognized, '[t]he argument that the delay in bringing suit somehow establishes Exmark's perception of the value of its invention is specious. There are many reasons to forego filing a lawsuit, to imply that Exmark did so because it did not think the invention had value is speculative.'

*Exmark*, 879 F.3d at 1352.

The Court also rejects Briggs's argument that admission of late-2000s evidence of head-to-head competition provides the rationale for a new trial. Contrary to Briggs's assertion, Ms. Bennis specifically explained how the real-life example of head-to-head competition with a company like Briggs was foreseeable and would have influenced the parties during the hypothetical negotiation. Further, Briggs has not shown any error in permitting Ms. Bennis to quantify the margin reduction. For the reasons stated in its *Daubert* order, the Court finds the motion for a new trial should be denied. *See* Filing No. 801, Memorandum and Order.

Similarly, the Court finds that Briggs's motion for remittitur to $150,000 should be denied. The jury verdict of roughly fourteen million dollars is not so grossly excessive as to shock the conscience of the court. The jury was entitled to discredit the testimony of the defendant's expert on damages, and it apparently did so.

IT IS ORDERED that defendant Briggs and Stratton Corporation's motion for judgment as a matter of law, new trial, or remittitur ([Filing No. 938](Filing No. 938)) is denied.

Dated this 15th day of April, 2019.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge