IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| EXMARK MANUFACTURING COMPANY INC.,<br><br>Plaintiff,<br><br>vs.<br><br>BRIGGS & STRATTON CORPORATION,<br><br>Defendant. | 8:10CV187<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on Plaintiff Exmark Manufacturing Co., Inc.'s ("Exmark") Motion to Amend the Judgment, Filing No. 928. Exmark moves to amend the Judgment entered on December 19, 2018, Filing No. 919, to correct the party name in the Judgment to identify defendant Briggs & Stratton Corporation as the adjudged entity, and to set the prejudgment interest award in this case.

The Court first finds the motion to correct the party name should be granted. Exmark next requests reconsideration of the Court's award of prejudgment interest at the one-year U.S. Treasury rate for the entire prejudgment interest period, arguing that such a low rate is not equitable. In particular, it argues that the case has now been pending for almost nine years and throughout most of that period, U.S. Treasury rates have been held at historically low, near-zero levels in order to combat the Great Recession. Exmark contends that the Court's interest rate imposes a severe penalty on Exmark, and amounts to an undeserved windfall for Briggs, a willful infringer.

Exmark proposes that the Court enter an amended judgment for interest according to an equitable approach whereby the U.S. Treasury rate is applied for the

period prior to filing suit (May 12, 2004 through May 11, 2010) and the prime rate is applied for the time after suit was filed (May 12, 2010 through December 19, 2018). It argues that approach would limit the time period of the lower and more punitive rate (the U.S. Treasury rate) to the time period that Exmark delayed in filing suit and would lessen the windfall to Briggs that results from the case having lasted this long. Exmark calculates that applying this hybrid approach results in prejudgment interest in the amount of $5,964,111 through December 19, 2018, and it requests an award in that amount. *See* Filing No. 931-1, Index of Evid., Affidavit of Melissa Bennis ("Bennis Aff.") at 3.

Briggs responds that Exmark's arguments are unpersuasive and urges the Court to maintain the current award, arguing that Exmark knowingly delayed these proceedings for eight-and-a-half years while it waited for damages to accrue against Briggs because it knew that Briggs could and would design around the '863 patent had it been aware of Exmark's suspicions. Briggs also argues that Exmark has not shown the exceptional circumstances necessary to alter or amend the judgment under Federal Rule of Civil Procedure 59(e).

The Court finds Exmark's motion is well-taken. The district court possesses the power to rectify its own mistakes in the period immediately following the entry of judgment. *Norman v. Ark. Dep't of Educ.*, 79 F.3d 748, 750 (8th Cir. 1996). Relief under Rule 59(e) "is generally available only when a manifest error affects the 'correctness of the judgment.'" *Id.* Circumstances have changed since the first trial of this action. In particular, the Court has awarded $9.9 million less in enhanced damages. The Court agrees that application of the U.S. Treasury rate when the rate

2

was at historic lows is a severe penalty and is not sufficient to adequately compensate Exmark. Exmark has shown that its cost of borrowing was significantly higher than the U.S. Treasury rate during the applicable period and also exceeded the prime rate. Filing No. 931-1, Bennis Aff. at 3-4. Also, the Court previously rejected Briggs's arguments relating to Exmark's delay in bringing suit in the court's ruling on the defense of laches in the earlier trial. *See* Filing No. 687, Memorandum and Order at 15-18. Accordingly, the Court finds Exmark's motion to amend the judgment should be granted and the Court will amend the judgment to reflect an award of prejudgment interest in the amount of $5,964,111.

IT IS ORDERED:

1. The plaintiff's motion to amend the judgment (Filing No. 928) is granted.
2. An Amended Judgment will be entered this date.

Dated this 15th day of April, 2019.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge